**In re OMNI VIDEO, INC., Debtor.**

**Floyd B. HOLDER, Jr., Trustee of Omni Video, Inc., Plaintiff,**

v.

**GERANT INDUSTRIES, INC. a/k/a L.A. Entertainment, Inc., et al., Defendants.**

Bankruptcy No. 593–50473–7.
Adv. No. 593–5059.

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

March 11, 1994.

Floyd D. Holder, Jr., Law Firm of Floyd Holder, Lubbock, TX, Trustee-in-Bankruptcy.

R. Byrn Bass, Jr., Harding, Bass, Fargason, Booth & Calfin, Lubbock, TX.

Patrick L. Hughes, Verner, Liipfert, Bernhard, McPherson & Hand, Chtd., Houston, TX.

Elizabeth Healey Kilbride, Vickery, Kilbride, Gilmore & Vickery, P.C., Houston, TX, for Randall C. Bartnett and Pioneer Communications Corp.

Robert L. Jones, Crenshaw, Dupree & Milam, L.L.P., Lubbock, TX, for Gerant Industries, Inc., Turbo, Inc., Greater Indem. & Cas. Ins. Co., Ltd., Daniel Lezak and Enviro Trading Co., Inc.

Tommy J. Swann, McCleskey, Harriger, Brazill & Graf, L.L.P., Lubbock, TX, for California Equity Inv. Trust, Sherman Mazur, Adele Kaplan, Holmby Capital Partners, L.P., Ruzam Holdings, Inc. and Jonathan Bernard.

Seymour Roberts, Jr., Simon, Anisman, Doby & Wilson, Fort Worth, TX, for Elaine Greenberg Melnyk.

James E. (Jim) Joplin, Carr, Fouts, Hunt, Craig, Terrill & Wolfe, L.L.P., Lubbock, TX,

for OTR/California Stock Transfer and George Houston.

## MEMORANDUM OF OPINION ON MOTION TO RECONSIDER JUDGMENT

JOHN C. AKARD, Bankruptcy Judge.

Several Defendants moved the court to reconsider its entry of a judgment against them. Finding that the judgment resulted from a settlement announced in open court, the court denies the motions for reconsideration.[1]

### FACTS

On April 19, 1993, Floyd D. Holder, Jr., the Trustee-in-Bankruptcy for Omni Video, Inc. (Trustee), filed this adversary proceeding against Gerant Industries, Inc. a/k/a L.A. Entertainment, Inc. (Gerant) and various other Defendants.[2]

On July 27, 1993, the court called various motions filed in this adversary proceeding for hearing. The parties appeared and advised the court that they wished to negotiate. Following lengthy negotiations, court reconvened and the parties announced that they had reached a "global settlement" of all issues between them. The Trustee then read the terms of the settlement into the record. They provided that the Defendants would pay $220,000 to the Trustee-in-Bankruptcy and $30,000 to Randall C. Barnett in full satisfaction of all claims held by the Trustee, Mr. Barnett, and Pioneer Communications Corporation (a company controlled by Mr. Barnett) against each of the Defendants, and that each Defendant would release all claims against the Trustee, Mr. Barnett and Pioneer Communications Corporation. Within thirty days, the Defendants would deliver $250,000 to fund the settlement to the escrow account of Robert L. Jones (attorney for Gerant and

other Defendants). In open court, each of the following Defendants approved the settlement:

a. Gerant Industries, Inc., Turbo, Inc., Greater Indemnity & Casualty Insurance Co., Ltd., Daniel Lezak, and Enviro Trading Co., Inc. by their attorney, Robert L. Jones.

b. California Equity Investment Trust, Sherman Mazur, Adele Kaplan, Holmby Capital Partners, L.P., Ruzam Holdings, Inc., and Jonathan Bernard by their attorney, Tommy J. Swann.

c. Elaine Greenberg Melnyk by her attorney, Seymour Roberts, Jr.

d. OTR/California Stock Transfer and George Houston by their attorney, James E. Joplin.

e. Randall C. Barnett and Pioneer Communications Corporation by their attorney, Elizabeth Kilbride.

The parties understood that FED. R.BANKR.P. 2002 required the Trustee to give notice of the settlement to all creditors and parties in interest, who would have an opportunity to object to the settlement. The court stated that, assuming no objections, it would approve the settlement. The parties were concerned that the adversary trial was scheduled and, in view of the settlement, wished to avoid further trial preparations. Therefore, the court withdrew the trial setting. The court also authorized the Trustee to make limited distributions to creditors on receipt of the funds.

After due notice, the court held a hearing on October 27, 1993 to determine if the settlement should be approved. The only objection to the settlement was filed by Mr. Jones, who expressed concern that the Trustee sent out the notice of settlement before formal settlement documents were signed. A Com-

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B), (F), and (H).

2. At that time the bankruptcy proceedings of Omni Video, Inc. were pending in this court's Abilene Division, Case No. 193–10077. The adversary proceeding was given an Abilene Division number, 193–1012. On August 8, 1993, the Omni Video, Inc. case was transferred to the Lubbock Division where it was given Case No. 593–50473 and this adversary proceeding was transferred to the Lubbock Division where it was given No. 593–5059.

promise and Settlement Agreement was circulated to the parties' attorneys, but it was never executed. Mr. Jones stated that within a few days after the announcement of the settlement, his clients advised him that the $250,000 would not be funded. He advised the other parties and attempted to negotiate another settlement. Mr. Jones stated, "Obviously, we're not going to dispute that the parties reached the terms of the settlement, nor dispute what the transcript says." (Tr. 6). He further stated, "I believe, perhaps, that it may be appropriate for the court to approve the settlement, given that the settlement is what it is, but I don't see how—it seems to me that you would have to have a separate proceeding to enforce that settlement." (Tr. 9) He also questioned whether there was, in fact, a settlement since the money was not funded.

The court found that a binding settlement had been announced on the record and granted judgments for the Trustee and Mr. Barnett which were entered on November 22, 1993. Several of the Defendants filed motions to reconsider the judgment.

On December 1, 1993, Mr. Jones, on behalf of Gerant and the other defendants represented by him, filed a motion under FED. R.BANKR.P. 9023 for a new hearing and for an order vacating the judgment. On page 3 of that motion he stated, "After much discussion and negotiation, the parties that were represented at such meeting agreed to a settlement. This settlement was announced on the record with the court on July 27, 1993." However, on page 4, he stated, "The judgment does not represent the parties' agreement. It was clearly the agreement and understanding of the parties to the settlement that, in the event the settlement was not funded, the settlement was off and the matter would proceed to trial. The settlement that was announced on the record specifically provided that the sum of $250,000 would be deposited in the undersigned counsel's trust account within thirty (30) days."

Mr. Jones pointed to the Notice of Intent to Compromise Controversy (Notice) by the Trustee which contained the following language: "Defendants failure to deposit the above funds by the due date shall terminate this pending compromise automatically without further order of the Court and the case will be fully reinstated, including discovery." In another paragraph, the notice stated that the "parties mutually agree to abate the above-pending adversary, including discovery, while notice of compromise is pending to all parties in interest and during the pending of any contested hearing on this Notice of Compromise."

The motion filed on December 1, 1993 by Mr. Swann on behalf of the Defendants whom he represents tracks, almost word for word, the motion filed by Mr. Jones. On the same day, Mr. Joplin, on behalf of the Defendants whom he represents, filed a motion adopting Mr. Jones' arguments. On December 10, 1993, Mr. Roberts, on behalf of the Defendant he represents, filed a similar motion adopting Mr. Jones' arguments. The court heard the arguments of the parties on January 19, 1994. On January 20, 1994, Mr. Roberts filed a withdrawal of his motion.

## DISCUSSION

■ This matter is governed by Rule 11 of the Texas Rules of Civil Procedure, which provides:

> No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Federal courts sitting in Texas are obligated to follow that rule. *Anderegg v. High Standard, Inc.*, 825 F.2d 77 (5th Cir.1987), cert. denied, 484 U.S. 1073, 108 S.Ct. 1046, 98 L.Ed.2d 1009 (1988). The Fifth Circuit said: "We have held that Rule 11, although to be found among the Texas Rules of Civil Procedure, is nonetheless also a rule of substance akin to the parol evidence rule and applicable for that reason to Texas diversity cases tried in our federal court system" (citation omitted). *Id.* at 80.

■ In determining whether the settlement should be enforced, the court must look to the record made in open court, not to the subjective understandings of any party, nor to improvident statements made by the

Trustee in the Notice. The Defendants agreed to a judgment and made promises to fund it. The Defendants having failed to make the promised payments, the court finds the judgments against them should be enforced. *Kennedy v. Hyde*, 682 S.W.2d 525, 526 (Tex.1984). An agreement announced on the record becomes binding even if a party has a change of heart after he agreed to its terms but before the terms are reduced to writing. *In re Paolino*, 78 B.R. 85, 89 (Bankr.E.D.Pa.1987). *See also Kreidle v. Department of the Treasury (IRS) (In re Kreidle)*, 145 B.R. 1007, 1013 (Bankr.D.Colo. 1992) (stating that oral stipulations made on the record cannot be withdrawn); and *Federal Land Bank v. Cupples Farms (In re Cupples Farms)*, 128 B.R. 769, 773 (Bankr. E.D.Ark.1991) (finding that oral stipulations are binding).

The court has carefully reviewed the record of the July 27, 1993 hearing. The record clearly shows that the $250,000 was to be deposited to Mr. Jones' trust account within 30 days. The obvious purpose of that was to ensure that the funds would be available when the releases were exchanged and the dismissal orders signed. Nothing in the record indicates that if the funds were not so deposited, the settlement was withdrawn or set aside. Further, nothing in the transcript of the July 27, 1993 hearing supports the Trustee's statement that if the funds are not deposited, the compromise would automatically terminate.

The facts in this case are quite similar to those in *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526 (5th Cir.1986) in which, following announcement of the settlement in open court, one party sought to escape his obligation by asserting that he would be unable to fund the settlement. He also raised various defenses to the settlement, including the fact that a settlement agreement had not been signed. The Fifth Circuit upheld the trial court's judgment enforcing the settlement, stating:

> This appeal unsuccessfully seeks to set aside a judgment enforcing a settlement agreement reached after the case was called for trial and thereafter read into the record and approved by the court. Liti-

gants may not disavow compacts thus made and approved, for avoiding the bargain would undermine its contractual validity, increase litigation, and impair efficient judicial administration.

*Id.* at 528

■ Mr. Jones objected to the entry of a judgment against his clients on procedural grounds, but he does not suggest what procedure should be followed. Having failed to fulfill their agreement announced in open court, they should certainly not be surprised that this court entered a judgment against them. A federal court has the inherent power to enforce an agreement which settles litigation. *Borden v. Banacom Mfg. & Mktg., Inc.*, 698 F.Supp. 121, 123 (N.D.Tex. 1988). "Unless the defendants can demonstrate that the judgment differs materially from their agreement, or that their agreement was invalid under state law at the time it was made, a federal court may hold them to their word by incorporating the terms of their agreement into a final judgment." *White Farm Equip.*, 792 F.2d at 530. In the present case, the Defendants neither demonstrated that the judgment differs materially from their agreement nor did they allege that it was invalid under state law.

■ In argument, Mr. Swann asserted that the Defendants had an agreement that the $250,000 would be funded by Gerant and it would, therefore, be inequitable to sustain the joint and several judgment against all of the Defendants. This argument cannot be sustained for two reasons. First, it was not set forth in any of the pleadings filed by Mr. Swann. Second, the transcript of the July 27, 1993 hearing does not reflect any agreement among the Defendants as to the payment of the $250,000. The court asked if the Defendants had an agreement amongst themselves as to how the money was to be paid. Mr. Jones replied that they did, but he did not further elaborate. In agreeing to the settlement on the record, the attorneys for the various Defendants did not make any reference as to how much each of them was to pay toward the settlement fund. From the standpoint of the Trustee and Mr. Barnett, it makes no difference whether one or more of the Defendants makes the payment.

A Defendant who pays the judgment can take appropriate action to seek contribution from the other Defendants.

## CONCLUSION

The parties made a binding agreement, on the record, on July 27, 1993. The court holds that agreement should be enforced. The motions for rehearing will be denied.[3]

---

**3.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED.

R.BANKR.P. 7052. This memorandum will be published.