**In re Bruce CHRISTIE, Jennifer Christie, Debtors.**

**Bankruptcy No. 92–31039.**

United States Bankruptcy Court,
E.D. Texas,
Paris Division.

Oct. 31, 1994.

Bill F. Payne, Moore, Payne, Clem, Rodgers & Hodgkiss, Paris, TX, for debtors.

Louis R. Strubeck, Fulbright & Jaworski, Dallas, TX, for defendant.

*OPINION*

DONALD R. SHARP, Bankruptcy Judge.

Comes now before the Court the Motion of Bruce and Jennifer Christie ("Debtors") to Compel Compliance with Stipulation or Alternatively for Relief Under Rule 60(b)(3)[1] ("the Motion") pursuant to regular setting in Plano, Texas. This opinion constitutes findings of fact and conclusions of law.

*FACTUAL AND PROCEDURAL BACKGROUND*

Debtors filed for relief under chapter 11 of the Code on September 11, 1993. Prior to filing for relief Debtors were involved in an extremely contested dispute with a creditor named H. Drue Pirtle ("Pirtle"). This dispute followed into the bankruptcy arena and threatened to derail Debtors' attempts at reorganization. On June 15, 1993, at the

---

1. Fed.R.Civ.P. 60(b)(3) generally provides a mechanism by which a party may seek relief from a final judgment due to fraud, misrepresentation, or other misconduct of an adverse party.

This rule of civil procedure is made applicable in the bankruptcy content through Fed.R.Bankr.P. 9023.

regularly scheduled hearing on Pirtle's Motion to Convert the Debtors' case to chapter 7 the parties announced a "global settlement." Under the settlement, the Debtors agreed to dismiss a pending appeal of an order which granted Pirtle relief from the stay, not to pursue a claim for wrongful foreclosure, and agreed to return certain items of personal property to Pirtle. Pirtle agreed to dismiss a pending motion to convert and not to take any further action in the Bankruptcy Court. The most significant agreement which is presently in dispute was that "there will be a separate class under the Plan for both Mr. and Mrs. Pirtle whereby they will receive no distribution under the Plan *but will retain any rights that they may have in the pending litigation which is now before the Federal District Court.*"[2] Although not stated in open court in connection with the announced "global settlements" there is no dispute that Pirtle's claims in the district court lawsuit were to be for the purpose of offset only. Subsequently, Pirtle amended his complaint in district court to include causes of action for fraud, statutory fraud, and intentional infliction of emotional distress. Pirtle sought both actual and punitive damages.

Debtors disputed that such an amended complaint was in accordance with the June 15, 1993, agreement and the parties were unable to prepare and submit an agreed order which memorializes the oral agreement. Pirtle later filed an objection to the confirmation of Debtors' first amended plan. The plan was later denied at Debtors' request. Debtors then filed the instant motion. Debtors request that this Court either force Pirtle to drop the additional causes of action in the district court case and not oppose the Debtors' plan or alternatively that Debtors be permitted to reinstate the previously dismissed appeal, renew their right to pursue a wrongful foreclosure action, and to recover

property previously tendered to Pirtle. Pirtle maintains that his actions have at all times been in harmony with the June 15, 1993 agreement. Pirtle disputes that the agreement limited his rights in the district court case. Finally, Pirtle defends his action in filing an objection to Debtors' plan on the basis that such an objection was operable only in the event the June 15, 1993 agreement was not binding. The matter was taken under advisement.

### DISCUSSION OF LAW

Recently, in *In re Omni Video, Inc.*, 165 B.R. 22 (Bankr.N.D.Tex.1994) Judge Akard was faced with a dispute over the enforceability of a settlement announced orally in court but which later evolved into interpretational disputes among the parties. In *Omni* the chapter 7 trustee and various defendants in an adversary proceeding announced in open court that they had reached a "global settlement" of all issues. The settlement entailed a payment to the trustee and a related plaintiff of $250,000.00 within thirty days in return for which the parties would all execute a mutual release of claims. Later, a dispute arose among the defendants as to the funding of this judgment; the payment was never made. The defendants argued that since the settlement was not consummated it was not binding on the parties. The court disagreed.

■ The court determined that an oral announcement made in open court and entered as of record is binding on all the parties to the settlement. *Id.* at 25. It is the wording of the settlement and not the subjective understanding of the parties which is controlling. *Id.* "An agreement announced on the record becomes binding even if a party has a change of heart after he agreed to its terms but before the terms are reduced to writing." *Id.* at 26. If necessary, "[a]

---

**2.** *Some brief history on the district court lawsuit.* Prior to filing for relief Debtors had purchased a 14,000 square foot home with accompanying property from Pirtle. Subsequently, Debtors alleged that there were numerous defects in the house. The ensuing dispute led to litigation in state court whereby Debtors alleged significant damages stemming from breaches of various warranties by Pirtle. Pirtle counterclaimed that

he was entitled to any deficiency stemming from the foreclosure of the property. The case was ultimately removed to federal district court in the eastern district of Texas. Subsequently, the case has been remanded to state court. For the purpose of this opinion all references to this cause of action shall be prefaced by the term "district court."

federal court has the inherent power to enforce an agreement which settles litigation." *Id.* at 26. Finding that the disputes among the defendants was not relevant to the binding effect of the oral settlement the court ordered judgment jointly and severally against all the defendants in favor of the plaintiffs. Applying this rationale to the facts of the instant case the Court must conclude that the Motion must be denied.

At the regularly scheduled hearing on this Motion significant documentary evidence was introduced to demonstrate Debtors' understanding of the settlement. However, Debtors' subjective understanding of the settlement is less important than the words used in describing it. In pertinent part, the settlement provides that while Pirtle shall not receive any distribution under Debtors' plan Pirtle will still be entitled to retain any "rights" which Pirtle may have in the district court action. Debtors argue that the retention of these rights refers only to Pirtle's right to claim an offset for the deficiency claim resulting from Pirtle's foreclosure of Debtors' property; the only counterclaim asserted by Pirtle in the district court lawsuit at the time the settlement was announced. The Court finds this interpretation unconvincing.

The Court must agree with Pirtle that one of his rights in the district court action included the right to amend his complaint to add additional causes of action. When used as a noun the word 'right' refers to "a power, privilege, faculty, or demand, inherent in one person and incident upon another." *Black's Law Dictionary* 1324 (6th ed. 1990). Whether defined as a power, privilege or faculty, one of the rights enjoyed by a defendant in a lawsuit is to plead defenses or counterclaims. Once the issue is joined a defendant may still amend his answer to add or delete such defenses or counterclaims upon leave of court. In doing so Pirtle was well within his rights.

The settlement could have been conditioned on Pirtle's agreement not to pursue additional claims in the district court suit. Pirtle could have been limited to asserting only his deficiency claim as an offset to Debtors' district court suit. Such restrictions, if announced on the record, would have been actionable if violated; however, the Court must conclude that the terms of the settlement do not have this effect. Pirtle is allowed to pursue recovery of his counterclaims in district court solely for the purpose of offset to Debtors' claims.

The Court must also disagree with Debtors' contention that Pirtle's act in filing an objection to confirmation of Debtors' first amended plan is in violation of the settlement agreement. The last sentence of paragraph two of the objection provides that "to the extent that a stipulation (i.e. the June 15, 1993 agreement) between the parties is finalized and approved by this Court, Pirtle will not pursue these objections." Clearly, the objection was conditioned on the status of the June 15, 1993, agreement. If the agreement was approved the objection was moot; however, to the extent the agreement was not approved there was no agreement between the parties and Pirtle was well within his rights to file the objection. For these reasons, the Court finds that the fault lies with Debtors rather than Pirtle for the failure to have an order memorializing the June 15, 1993 agreement presented to the Court for approval. The Motion is DENIED[3]. Furthermore, Pirtle is instructed to submit an order to the Court memorializing the terms of the June 15, 1993, agreement within ten days.

---

**3.** Furthermore, due to the factual findings in this case the Court must similarly conclude that no basis exists to support Debtors' request for relief from the judgment pursuant to Fed.R.Civ.P. 60(b)(3). Simply put, there has been no demonstration of fraud, misrepresentation or misconduct relating to Pirtle's involvement in the June 15, 1993 settlement.