**In re William A. BROWN, Jr., M.D., Debtor.**

**Annette MERENDA, Appellant,**

**v.**

**William A. BROWN, Jr., M.D., Appellee.**

**BAP No. CC–88–2102 MoVP.**
**Bankruptcy No. SB 88–04495 DN.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 14, 1989.

Decided July 31, 1989.

Joseph J. Bell, Grass Valley, Cal., for appellant.

David Hagen, Hagen & Hagen, Encino, Cal., for appellee.

Before MOOREMAN, VOLINN and PERRIS, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal arises from the bankruptcy court's order denying the appellant's motion to extend the time in which to file a nondischargeability complaint under § 523(c).

## FACTS

The following facts are undisputed. On March 14, 1986, Annette Merenda ("appellant") filed a complaint against her employer William A. Brown, Jr., M.D., ("debtor") in California state court. The complaint sought $500,000 in general damages alleg-

ing sexual assault, battery, and infliction of emotional distress. On June 13, 1988, three months before the scheduled trial on the matter, the debtor filed a Chapter 7 petition in the bankruptcy court. The only creditors listed were GMAC for $10,300; two attorneys for a total of approximately $13,000; and the appellant, listed as holding a disputed claim.[1]

Pursuant to Bankruptcy Rule 4007(c), Monday, September 19, 1988 was set as the last day to file objections to dischargeability of debts under 11 U.S.C. § 523(c). Appellant does not dispute that the notice provided by Bankruptcy Rule 4007(c) was received.

From September 11, 1988 through September 17, 1988, a wildfire occurred in the appellant's home county ("the 49'er fire"). The fire destroyed approximately 33,000 acres of brush, telephone service and approximately 160 homes. As a result of the fire, the appellant was evacuated from her home. Telephone service was not again restored to the appellant's home until September 23, 1988. The area was declared a disaster area by the Governor of California and a "National Disaster Area" by President Ronald Reagan.

Appellant was represented by two attorneys who were both members of the local volunteer fire department and were involved in "fire suppression activities" on Monday, September 14, 1988. One of appellant's attorneys (Mr. Bell) was also involved in an "all day" trial on Friday, September 16, and Monday, September 19, 1988. The declaration of the appellant's remaining attorney (Mr. Diamond) states that he was "unable to contact the appellant regarding the adversary complaint until after September 21, 1988."

On September 21, 1988, two days after the bar date had passed, the debtor and the trustee were "served by mail"[2] with a Motion to Extend Time to File Adversary Complaint. Appellant's counsel attempted to file the motion on September 22, 1988.

---

1. Although these facts may give rise to a question of "bad faith filing," that issue is not before this Panel.

2. Apparently this means the motion was actually deposited in the mail on this date.

However, because appellant's counsel had not complied with Local Rule 103 requiring "pre-punching and blue backing," the motion was not formally filed with the bankruptcy court until September 27, 1988.

At the hearing on the matter the bankruptcy court, while expressing its concern with the "absolute" enforcement of Rule 4007(c) under the circumstances before it, determined that it was bound to strictly enforce the sixty day time limit and denied the appellant's motion. The instant appeal followed.

## DISCUSSION

■ In determining, for purposes of this appeal, on which date the motion to extend the time for filing a nondischargeability complaint was deemed filed, Bankruptcy Rule 9006 controls. Pursuant to this Rule, the Ninth Circuit recently held that "a motion is deemed 'made' when served on the opposing party." *In re Victoria Station, Inc.*, 840 F.2d 682, 684 (9th Cir.1988) (motion to assume under § 365 was deemed timely when *mailed* on the 62nd day (the Monday after the 60th day), even though not filed until three days later).

Under the same rationale, the motion to extend time for filing the nondischargeability complaint in the instant case was "made" on the date mailed to the debtor. Presumably this occurred on Wednesday, September 21, 1988. This date, however, was still two days after the bar date had passed.

As the BAP stated in *In re Price*, 79 B.R. 888, 890 (9th Cir. BAP 1988), *aff'd*, 871 F.2d 97 (9th Cir.1989), "a trial court has no discretion to grant untimely extensions to file section 523(c) complaints. (citations omitted).

■ Although the appellant agrees that "excusable neglect" is not a basis for granting untimely extensions to file nondischargeability complaints, the appellant contends that under "extraordinary circumstances" a bankruptcy court should have discretion to grant relief. The cases cited by the appellant in support of this argument, however, involved instances where the party seeking an "extension" had relied on the bankruptcy court's own errors in calculating the bar date and the resulting errors in the notice given under Rule 4007.

The appellant contends that a "supervening natural disaster made compliance with Rule 4007(c) impossible." Compliance with Rule 4007(c) requires the filing of either a complaint or a motion for extension of time to file the complaint before the expiration of the bar date. As discussed below, we need not reach the merits of this argument because the facts do not support appellant's contentions.[3]

·Appellant contends that it was impossible to file a nondischargeability complaint before the passage of the bar date, because the fire and resulting evacuation prevented appellant's counsel from contacting her. Accordingly, appellant's counsel contends that they were, therefore, prohibited by the California Rules of Professional Conduct from filing the complaint without authorization from the appellant. This argument, however, overlooks the fact that appellant's counsel could have presumably filed and in fact did file the motion seeking to extend the time *without having contacted the appellant.*[4]

The fact that Mr. Bell was involved in a state court trial on Friday, September 16 and Monday, September 19, indicates that the fire did not prevent him from performing legal work on those dates. There is no explanation in the record as to why, co-counsel, Mr. Diamond, was unable to prepare and file the motion to extend the time to file a § 523(c) complaint between Thursday, September 15 and Monday, September

---

3. Arguably under the provision of Bankruptcy rule 9006(a) which provides that the last day of the period shall not include "a day on which weather *or other conditions* have made the clerk's office inaccessible, ...", a natural disaster such as a fire might make the bankruptcy clerk's office "inaccessible" and therefore prevent the running of the 60 day bar date.

4. Mr. Diamond's declaration accompanying the motion to extend time and dated September 21, 1988, states that, "[t]o this date, I have not been able to make contact with [appellant] regarding this complaint procedure."

19. While the disastrous fire in the instant case occurred at an unfortunate time, the argument that it was "impossible" to file the motion to extend the time to file the § 523(c) complaint before the passage of the bar date is without merit.

While application of the relatively short 60 day time limitation for filing nondischargeability complaints may lead to harsh results, there is a well recognized purpose and need to allow both debtors and creditors to know which debts may be excepted from discharge, and thereby allow all participants within the bankruptcy proceedings to "make better informed decisions early in the proceedings." *Neeley v. Murchison*, 815 F.2d 345, 346–47 (5th Cir.1987). Although the result in the instant case may appear harsh, the facts also demonstrate that it was appellant's counsel who failed to protect their clients cause of action.[5]

Based on the foregoing, the order denying the motion to extend the time for filing the § 523(c) complaint is AFFIRMED.

---

5. In this regard, the instant case is similar to *In re Hill*, 811 F.2d 484, (9th Cir.1987), wherein the appellant's counsel had filed an untimely motion to extend the time to file a nondischargeability action against the debtor who had "brutally assaulted" the appellant's family. The Ninth Circuit determined that there was no discretion to enlarge the time period when the untimely motion was a result of "counsel's calendaring error." *Id.* at 487.