In re Fred KENNERLEY, Debtor.

Larry ALLRED, Plaintiff–Appellee,

v.

Fred KENNERLEY, aka Frederick L. Kennerley, Jr., Defendant–Appellant.

No. 91–16599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1993.

Decided June 2, 1993.

Kenneth N. Rivera, Walnut Creek, CA, for defendant-appellant.

Lawrence G. Smith, Smith, Polson & Elstead, Pleasanton, CA, for plaintiff-appellee.

Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.

D.W. NELSON, Circuit Judge:

After Fred Kennerley received a discharge under § 727 of the Bankruptcy Code (11 U.S.C. § 727),[1] the bankruptcy court barred further state court proceedings against him. The bankruptcy court determined that the fraud claim at issue in the state court action had been discharged along with Kennerley's other debts because Larry Allred, the creditor, had failed to file a complaint of nondischargeability. The district court reversed, directing the bankruptcy court to allow the state court proceedings to go forward and to determine the dischargeability of any judgment recovered against Kennerley. Kennerley timely appealed. We have jurisdiction under 28 U.S.C. § 158(d), and we reverse.

## STANDARD OF REVIEW

■ Because this court is in as good a position as the district court to review the decision of the bankruptcy court, we review the bankruptcy court's decision independently. *In re Probasco*, 839 F.2d 1352, 1353 (9th Cir.1988). We review the bankruptcy court's factual findings for clear error and review its legal determinations de novo. *Id.*

1. Unless otherwise specified, all statutory references are references to the Bankruptcy Code, Title 11 of the United States Code. All references

## DISCUSSION

Allred advances three arguments against the bankruptcy court's determination: (1) the motion to lift the automatic stay was a valid complaint to determine dischargeability under Rule 4007(c); (2) the district court extended Rule 4007(c)'s time limit when it granted Allred's motion for relief from the automatic stay; and (3) there are extraordinary circumstances in this case requiring the bankruptcy court to exercise its equitable power to permit the untimely complaint.

Debts set forth in § 523(a), including debts for fraud, are excepted from discharge in bankruptcy. However, § 523(c) specifies that some of these nondischargeable debts, including debts for fraud, will be discharged unless the creditor requests the bankruptcy court to determine the dischargeability of the claim. Rule 4007 imposes a strict 60–day time limit for filing complaints to determine dischargeability of debts listed in § 523(c).

We recently dealt with these issues in *Anwiler v. Patchett*, 958 F.2d 925 (9th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992), where we held that this time limit cannot be extended unless a motion is made before the 60–day limit expires. Although the complaint in *Anwiler* was untimely, it was allowed to stand under the specific facts of that case. *Id.* at 929 (court had equitable power to correct a mistake caused by court's erroneous notice of deadline for filing). We follow the reasoning in *Anwiler*, but come to a different result in this case.

1. *Was Allred's motion to lift the automatic stay a complaint to determine dischargeability?*

■ At the outset, we reject Allred's argument that his Motion For Relief From Automatic Stay was a valid complaint to determine dischargeability under § 523(c). Neither the motion to lift the automatic stay nor the notice of the motion mentioned § 523(c), nor did they indicate that Allred was seeking to have the dischargeability of the debt de-

es to "Rules" are references to the Federal Rules of Bankruptcy Procedure.

cided at that time. Furthermore, the bankruptcy court found that the motion was not intended to be a complaint.

2. *Did the bankruptcy court extend the time limit for filing under Rule 4007(c) when it partially lifted the automatic stay?*

We also reject Allred's second argument that the bankruptcy court's order lifting the automatic stay served also to extend the time limit for filing a complaint under Rule 4007(c). At first blush, it may appear reasonable to conclude that the court implicitly granted such an extension when lifting the stay; however, bankruptcy courts can only grant such extensions upon timely *motion*, as Rules 4007(c) and 9006(b)(3) make clear. *See Anwiler,* 958 F.2d at 927 ("[A] court no longer has the discretion to set the deadline [for filing a complaint to determine dischargeability], nor can it sua sponte extend the time to file.... Absent a motion to extend, the date, once set, does not change." [citations omitted]). The bankruptcy court could not implicitly grant an extension of time when granting Allred's motion to lift the stay; the court could only extend the time limit *on motion* to do so.

We disagree with Allred's suggestion that the motion to lift the automatic stay should also be considered a motion to extend the deadline under Rule 4007(c). As the bankruptcy court noted in its well reasoned decision, "Allred's motion for relief from the automatic stay did not request an extension of the deadline; it did not mention the deadline. At the time the motion was filed, the deadline was some six weeks in the future, and plenty of time remained for Allred to file a timely dischargeability complaint." In fact, the motion does not even mention Rule 4007 or § 523(c).

Allred's reliance on *In re Lambert,* 76 B.R. 131 (E.D.Wis.1985), where a bankruptcy court construed a motion to lift the automatic stay as a timely motion to extend the time limit, is unpersuasive. First, *Lambert* conflicts with Ninth Circuit law which strictly

construes Rule 4007(c). *See, e.g., In re Bucknum,* 951 F.2d 204, 207 (9th Cir.1991); *In re Hill,* 811 F.2d 484, 486–87 (9th Cir. 1987); *In re Price,* 79 B.R. 888 (9th Cir. BAP 1987); *In re Rhodes,* 61 B.R. 626, 630 (9th Cir. BAP 1986). Second, in *Lambert,* the hearing on the motion to lift the automatic stay occurred *after* the deadline. The same is not true here; Allred still had several weeks in which to file a complaint after the stay was lifted. Because the hearing on the motion to lift the stay in *Lambert* occurred after the deadline, the debtor was prepared to argue about extending the time limit at the hearing. Kennerley had no reason to prepare for argument on this issue, and the issue was not argued at the hearing.

In sum, bankruptcy courts cannot extend Rule 4007(c)'s time limit implicitly; they may only extend the time upon timely motion to do so. No such motion was made in this case. Accordingly, the bankruptcy court correctly determined that its order granting partial relief from the automatic stay did not extend the time for Allred to file under Rule 4007(c).

3. *Are there extraordinary circumstances which would permit an untimely complaint to stand?*

Allred's final argument, and apparently the basis on which the district court reversed the bankruptcy court, is that there are extraordinary circumstances in this case which would permit an untimely complaint to stand. At the outset we note that, although courts within the Ninth Circuit have indicated in dicta that there is an exception to Rule 4007(c)'s time limit for "unique" or "extraordinary" circumstances,[2] the validity of the doctrine remains doubtful. In *Anwiler* we noted:

The validity of the unique circumstances doctrine is open to question. *See Slimick v. Silva (In re Slimick),* 928 F.2d 304, 309 n. 7 (9th Cir.1990). However, we need not address this issue at this time, since we hold that the power to grant the relief at

**2.** *See, e.g., In re Marino,* 143 B.R. 728 (9th Cir. BAP 1992); *In re Corgiat,* 123 B.R. 388 (Bankr. E.D.Cal.1991); *In re Brown,* 102 B.R. 187 (9th

Cir. BAP 1989); *In re Harten,* 78 B.R. 252 (9th Cir. BAP 1987); *In re Rhodes,* 61 B.R. 626 (9th Cir. BAP 1986).

issue in this case derives from 11 U.S.C. § 105(a).

958 F.2d at 926–27 n. 2. Regardless of the ultimate viability of the unique circumstances doctrine, we do not find extraordinary circumstances to exist here.

In light of this court's statements in *Slimick v. Silva (In re Slimick)*, 928 F.2d 310 (9th Cir.1990), the unique circumstances exception would appear to be limited to situations where a court *explicitly misleads* a party. The *Slimick* court said:

> [A]mbiguous or implicitly misleading conduct by courts does not release litigants from their appeal deadlines. If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification.

928 F.2d at 309–10. *Cf. In re Brown,* 102 B.R. 187 (9th Cir. BAP 1989) (limiting exception to circumstances where court miscalculates the Rule 4007(c) deadline and sends erroneous notice).

In this case, the bankruptcy court did not explicitly mislead Allred as to the deadline for filing; the court only indicated that Allred would need to return to the bankruptcy court at a later date to have the dischargeability of the debt determined. Had Allred filed a timely complaint to determine dischargeability, he could have returned after the state court action and done so. The court's only "mistake" lay in not informing Allred at the hearing of the procedural requirements imposed by the Bankruptcy Rules. However, the court had already informed Allred once: the court had sent the required notice, which stated the correct deadline and the consequences of missing the deadline.[3] The court was under no duty to inform Allred of the Rules for a second time at the hearing. We find no extraordinary circumstances here.

It is understandable how the district judge might have reached the decision that he did, because there did exist actual notice in the record that the dischargeability issue would need to be determined after the state fraud trial. The problem is that there was no clear indication in the record at the expiration of Rule 4007(c)'s 60–day period for filing complaints to determine dischargeability that this debt was not to be discharged along with all others. We are sympathetic to the problems created by the volume of bankruptcy litigation and the need for certainty in determining which claims are and are not discharged.

REVERSED.

---

**3.** This is where the present case differs from *Anwiler;* the bankruptcy court in *Anwiler* had mistakenly sent notice of the wrong deadline.