**In re Howard L. and Virginia S. SUTTON, Debtors.**

**No. BK–S–02–11039–LBR.**

United States Bankruptcy Court, D. Nevada.

Aug. 22, 2002.

Marjorie Guymon, Las Vegas, NV, for debtors.

Joshua Landish, Las Vegas, NV, for creditor.

**ORDER GRANTING MOTION FOR LEAVE TO FILE ADVERSARY COMPLAINT AND ORDER RE-OPENING CASE WITHOUT FEE**

LINDA B. RIEGLE, Bankruptcy Judge.

The Debtors filed a Chapter 7 bankruptcy petition on January 31, 2002. A few days later the clerk's office, through the "Bankruptcy Noticing Center" (the "BNC"),[1] sent a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" ("First Notice"). The docket shows service of the First Notice was made by the Bankruptcy Noticing Center on February 2, 2002.[2] The First Notice set the meeting of creditors on March 13, 2002. The deadline to file complaints to object to discharge and determine dischargeability was set for June 11, 2002 (90 days after the first date set for the meeting of creditors).

One month later, on March 3, 2002, the clerk's office, through the BNC, sent another "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" ("Second Notice").[3] It was marked "Amended." The Second Notice set May 13, 2002 as the bar date for filing complaints (60 days after the first date set for the meeting of creditors).

A discharge was entered on May 20, 2002. The case was closed on May 30, 2002.

Jeryl and Sondra Wood, through their counsel, prepared an adversary complaint and presented it for filing on June 7, 2002. The complaint alleges claims under 11 U.S.C. § 523(a)(6) and § 727(a)(2). The clerk's office informed counsel, however, that the Debtors' case had been closed and that a discharge had been entered. The

---

1. The "Bankruptcy Noticing Center" has contracted with the Administrative Office of the United States Courts to produce and mail notices in bankruptcy cases.

2. Docket Entry # 3.

3. Docket Entry # 4.

complaint, therefore, was not filed.[4]

The Woods have now filed a "Motion for Leave to File an Adversary Complaint" on the stated grounds that they did not receive the Second Notice. In their motion they ask that the bar date "be extended to the time set forth in the original Notice ... which [they] did receive."

### *Legal Discussion*

■■■ Bankruptcy Rules 4004(a) and 4007(c) set strict time limits. They provide that complaints objecting to discharge and the dischargeability of a debt must be filed no later than 60 days after the first date set for the meeting of creditors. Further, pursuant to Fed.R.Bankr.P. 4004(b) and Fed.R.Bankr.P. 4007(c) there can be no extension of time to file a complaint unless a motion is made before the time limit has expired. In addition, Bankruptcy Rule 9006(b)(3) provides that "the court may enlarge the time for taking action under [Rules 4004(a) and 4007(c)] only to the extent and under the conditions stated in those rules."

The Ninth Circuit has recognized an exception to untimely complaints where a party relies on a court's incorrect notice of deadline. In *In re Anwiler*, 958 F.2d 925 (9th Cir.1992), *cert. denied*, 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992), a Chapter 7 case was commenced in one district and notice of the deadline for filing complaints was issued by the clerk. Subsequently, the case was transferred to another district and the clerk for that district issued another notice, which conflicted with the first. The creditor filed a complaint after the deadline set forth in the first notice but prior to the deadline in the second notice. The bankruptcy court dismissed the complaint as untimely on the

grounds that the creditors had failed to file a timely motion to extend. The BAP reversed,[5] holding that if a court had made a mistake upon which a party relied to its detriment, a court could use its equitable power to correct its mistake.

The Ninth Circuit affirmed the BAP's decision, reasoning that:

> Allowing a court to correct its mistakes is not inconsistent with the purpose of Bankruptcy Rules 4004 and 4007 ... The intent behind the rules is not circumvented by allowing an untimely complaint to stand when a party relied on a court document sent before the deadline had expired. It would be very harsh indeed to deny equitable relief in cases where the delay in filing is not due to the fault of either party ... In this case, the confusion resulted from two courts setting two different deadlines. The notices were required by law, and appeared to be valid. The Creditors could have reasonably believed that the 2nd notice was operative since it was issued by the court which had jurisdiction over the case. The equitable power given to courts by 11 U.S.C. § 105(a) would be meaningless if courts were unable to correct their own mistakes.

*In re Anwiler*, 958 F.2d 925, 929 (9th Cir.1992), *cert. denied*, 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992).

Later Ninth Circuit opinions have expressed some doubt as to validity of the "unique circumstances" exception, but have stated that it is limited in any event to situations where a court explicitly misleads a party. *See, e.g.; In re Kennerley*, 995 F.2d 145 (9th Cir.1993); *In re Marino*, 37 F.3d 1354 (9th Cir.1994).

In the case *sub judice* the Woods argue that neither they nor their counsel re-

---

**4.** The complaint bears a file stamp of June 7, 2002, which has been crossed out.

**5.** The BAP's decision is reported at 115 B.R. 661 (9th Cir. BAP 1990).

ceived the Second Notice.[6] More relevant, however, is that the Woods received a bar date in the First Notice upon which they were justified in relying on. After receiving the First Notice from the clerk's office through the BNC the Woods attempted a timely filing of their complaint within the deadline provided. The Debtors cite *In re Dewalt,* 961 F.2d 848 (9th Cir.1992) for the proposition that 30 days advance knowledge of an impending bar date is necessary before a complaint will be dismissed as untimely. They argue that the Woods had more than the 30 days' deemed sufficient under *Dewalt. Dewalt* did not hold or suggest, however, that a 30 day notice could cure conflicting bar date notices, as those facts were not at issue.[7]

This Court finds the facts to be similar to those in *Anwiler,*[8] and thus, as in *Anwiler,* hereby uses its equitable power to correct the mistake of the Court which, as in *Anwiler,* is recognized as the fault of neither party to the adversary proceeding.

Additionally, while neither party has moved to reopen the case the Court will, *sua sponte,* enter an order that the case be reopened for purposes of deciding this issue and for the filing of the complaint. *See In re Castillo,* 297 F.3d 940 (9th Cir. 2002) (court has broad discretion to reopen a case *sua sponte*).

Accordingly, the case is hereby reopened without fee and the adversary complaint may be filed. The Court, by entry of this Order, makes no determination one way or the other as to the substantive issues alleged in the complaint.

---

6. The Woods have made this argument, despite the fact that their name appears on the certificate of service made by the BNC for both notices.

7. In *Dewalt,* the creditor was not listed in the debtor's schedules, did not receive notice of the bankruptcy filing, and had actual notice only seven days before the bar date. The Ninth Circuit noted that requiring the creditor to file a motion to extend under such circumstances would unfairly . punish the creditor for the debtor's negligence. The Court ruled that the 30–day advance knowledge of a case provides a "guide to the minimum time" necessary before a complaint is dismissed as untimely.

8. In *Anwiler,* the creditor filed a complaint after the deadline set forth in the first notice but prior to the deadline in the second notice. In the instant case, the Woods filed a complaint *before* the deadline announced in the First Notice but after the bar date set in the Second Notice.