MEMORANDUM **
Carol Nina Mardeusz appeals pro se the district court’s judgment affirming a bankruptcy court order dismissing an involuntary Chapter 7 bankruptcy petition she filed on behalf of her former husband, Leo Magers and awarding Magers attorney fees and punitive damages. We have jurisdiction under 28 U.S.C. § 158(d). We review for clear error the bankruptcy court’s findings of fact and review de novo its legal conclusions. Allred v. Kennerly (In re Kennerly), 995 F.2d 145, 146 (9th Cir.1993). We review for abuse of discretion the bankruptcy court’s award of sanctions. Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 283 (9th Cir.1996). We affirm.
Mardeusz’ involuntary petition was premised on a 1992 state court child support order. Magers produced a subsequent state court order stating that the 1992 judgment was satisfied and that Magers owed Mardeusz nothing. Therefore, the bankruptcy court’s dismissal of Mardeusz’ involuntary petition was proper because she lacked standing to bring it. See 11 U.S.C. § 303(b)(l)(2) (requiring that creditor bringing involuntary petition possess a non-contingent claim, not subject to bona fide dispute); Chicago Title Ins. Co. v. Seko Inv., Inc. (In re Seko Inn, Inc.), 156 F.3d 1005, 1007 (9th Cir.1998).
The bankruptcy court’s award of punitive damages and attorney fees under 11 U.S.C § 303(i) was proper because it found that Mardeusz acted in bad faith solely to harass her ex-husband. See Rubin v. Belo Broad Corp. (In re Rubin), 769 F.2d 611, 615 (9th Cir.1985) (stating that the burden is on petitioner to prove that a claim is not subject to a “bona fide dispute”). Likewise, given the bankruptcy court’s finding that Mardeusz’ filing was vexatious and in bad faith, and in light of her previous vexatious filings, the bankruptcy court did not abuse its discretion in sanctioning Mardeusz by imposing a prefiling order. See In re Rainbow, 77 F.3d at 284; De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990).
Mardeusz’ remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.