**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMINA ANWAR; DAVID C. MCCLANAHAN, <br><br> *Appellants*, <br><br> v. <br><br> D. LEE JOHNSON; DAVID LYN VERGEYLE; MARGARET HORNE VERGEYLE, and the marital community composed of David Lyn Vergeyle and Margaret Horne Vergeyle, <br><br> *Appellees*. | No. 11-16612 <br><br> D.C. No. 2:10-cv-02036-SRB <br><br><br> ORDER AND OPINION |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted
February 12, 2013—Stanford, California

Filed July 2, 2013

Before: Jerome Farris, Sidney R. Thomas,
and N. Randy Smith, Circuit Judges.

Opinion by Judge Thomas

## SUMMARY[*]

### Bankruptcy

The panel granted a motion requesting publication of a memorandum disposition filed February 19, 2013, affirming the district court's affirmance of the bankruptcy court's dismissal of nondischargeability complaints.

The panel held that the Federal Rules of Bankruptcy Procedure do not afford the bankruptcy court the discretion to extend retroactively the deadline for filing nondischargeability complaints when an attorney's computer difficulties cause him to miss the electronic filing deadline.

### COUNSEL

Mark Clarence McClanahan (argued), Portland, Oregon; Mark E. Hall, Chandler, Arizona, for Appellants.

Randy Nussbaum (argued) and Beth J. Shapiro, Nussbaum, Gillis & Dinner P.C., Scottsdale, Arizona, for Appellees.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Appellants' motion requesting publication of the memorandum disposition filed February 19, 2013, is GRANTED. The memorandum disposition is hereby withdrawn and replaced with the opinion filed concurrently with this order. No further petitions for rehearing or rehearing en banc will be entertained.

---

**OPINION**

THOMAS, Circuit Judge:

The humorist Douglas Adams was fond of saying, "I love deadlines. I love the whooshing sound they make as they fly by." But the law more often follows Benjamin Franklin's stern admonition: "You may delay, but time will not." To paraphrase Émile Zola, deadlines are often the terrible anvil on which a legal result is forged.

This appeal presents the question of whether the Federal Rules of Bankruptcy Procedure afford the Bankruptcy Court the discretion to extend retroactively the deadline for filing nondischargeability complaints when an attorney's computer difficulties cause him to miss the electronic filing deadline. We conclude that the Rules of Bankruptcy Procedure do not allow retroactive extension of the deadline, and we affirm the judgment of the district court.

**I**

Amina Anwar and David C. McClanahan (collectively, "Anwar") are former employees of the now-bankrupt Xperex corporation, of which D. Lee Johnson and David Vergeyle were the founders, principal shareholders, and Chief Financial Officer and Chief Executive Officer, respectively. Johnson and Vergeyle filed a voluntary petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code in the District of Arizona.

Upon receipt of the petition, the Arizona bankruptcy court mailed notices to Anwar and other creditors listed in Johnson and Vergeyle's bankruptcy schedules, which informed the creditors of the pending bankruptcy proceedings, the date of the creditors' meeting in each case, and the deadline for filing a complaint to challenge the dischargeability of particular debts. The bankruptcy court informed Anwar and the other creditors that the deadline for filing nondischargeability complaints in Johnson's case was November 10, 2009, and the deadline in Vergeyle's case was November 20, 2009.

On November 10 and 24, 2009, Anwar filed timely motions to extend the filing deadlines in Johnson's and Vergeyle's cases, respectively. After a hearing, the bankruptcy court granted the motions and extended the deadline in both cases to April 13, 2010.

Anwar sought to challenge the dischargeability of the debts owed to her based on section 523(a) of the Bankruptcy Code, which excepts from discharge debts obtained by fraud.

11 U.S.C. § 523(a).[1]  However, even debts obtained by fraud will be discharged unless the creditor timely requests a determination by the bankruptcy court that the debt is not dischargeable.    11 U.S.C. § 523(c).    Federal Rule of Bankruptcy Procedure ("FRBP") 4007(c) "imposes a strict 60-day time limit for filing complaints to determine dischargeability of debts listed in § 523(c)." *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 146 (9th Cir. 1993).

By local rule, the Arizona bankruptcy court has established a mandatory electronic filing system, with exceptions not relevant here.  U.S. Dist. Ct. for the Dist. of Ariz., Local R. Bankr. P. 5005-2 (2007).  Parties access the system through an online portal on the bankruptcy court's website.    A creditor seeking to electronically file a nondischargeability complaint must complete two steps: First, the creditor must open an "adversary proceeding" in the bankruptcy court's electronic filing system.  Second, the creditor must electronically file a nondischargeability complaint.  Under the federal bankruptcy rules, the deadline for all electronic filings is midnight local time on the day set by the relevant order of the bankruptcy court.  Fed. R. Bankr. P. 9006(a)(4)(A).  Thus, the deadline for Anwar to file her

---

[1] Anwar's nondischargeability complaints allege that Johnson and Vergeyle fraudulently represented to Anwar and other Xperex employees that, in dissolving the failing company, Xperex would ensure payment of all past and ongoing employee benefits obligations and would give those obligations first priority over all other debts, when in fact Xperex had granted a blanket security interest in the company to Johnson's sister-in-law.  The complaints asserted various tort claims arising from this alleged misrepresentation.  As explained below, however, the nature of the allegations in Anwar's nondischargeability complaints does not affect our analysis of the issue on appeal.

nondischargeability complaints in the Johnson and Vergeyle proceedings was midnight Arizona time on April 13, 2010.

Anwar's counsel did not meet this deadline. Counsel did not initiate the first step of the electronic filing process—opening adversary proceedings—until after 9:00 p.m. on April 13, 2010—the last day of the extended period for filing nondischargeability complaints in the Johnson and Vergeyle cases.[2] Due to technical problems with counsel's computer,[3] he did not successfully file the nondischargeability complaint in the Johnson case until 12:26 a.m. on April 14, 2010. He did not file the complaint in the Vergeyle case until 12:38 a.m.

On May 18, 2010, Johnson and Vergeyle moved to dismiss Anwar's nondischargeability complaints as untimely. Anwar responded with a motion "for relief from untimely filing and to determine timeliness." The bankruptcy court, after a hearing, granted Johnson and Vergeyle's motion, denied Anwar's, and dismissed the complaints with prejudice. The bankruptcy court explained that, under the federal bankruptcy rules and controlling precedent interpreting them,

---

[2] The record reflects that Anwar's counsel opened an adversary proceeding in the Johnson case at 9:34 p.m. on April 13, 2010, and did so in the Vergeyle case at 9:51 p.m. on April 13, 2010.

[3] The legal secretary for Anwar's counsel, who was responsible for completing the electronic filings, testified that she encountered difficulties while converting the nondischargeability complaints and attachments into Portable Document Format ("PDF") as required by the Arizona bankruptcy court's electronic filing instructions. Specifically, the programs she was using to convert the files stopped responding, which required her to restart the computer numerous times. Because of the ensuing delay, she was unable to complete the conversion and filing process before the midnight deadline on April 13, 2010.

he lacked discretion to grant retroactive extensions of FRBP 4007(c)'s deadline. That the relevant authorities pre-dated the advent of the Arizona bankruptcy court's mandatory electronic filing system did not change the bankruptcy court's analysis. Reviewing de novo, the district court affirmed.

## II

The sole issue on appeal is whether the bankruptcy court erred in refusing to grant Anwar a retroactive extension of the deadline for filing her nondischargeability complaints, so as to render timely her counsel's filings in the wee hours of the morning following the midnight deadline.

"'On appeal from a district court's affirmance of a bankruptcy court decision, we independently review the bankruptcy court's decision, without giving deference to the district court.'" *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 770 (9th Cir. 2008) (quoting *Hebbring v. U.S. Trustee*, 463 F.3d 902, 905 (9th Cir. 2006)). "The bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo and its factual findings for clear error." *Greene v. Savage (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009) (citing *Salazar v. McDonald (In re Salazar)*, 430 F.3d 992, 994 (9th Cir. 2005)). We review the bankruptcy court's decision to dismiss Anwar's complaints with prejudice for abuse of discretion. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## A

The bankruptcy court correctly held that the Federal Rules of Bankruptcy Procedure afford it no discretion to extend retroactively the deadline set in FRBP 4007(c) for filing nondischargeability complaints. That rule provides, with an exception not relevant here, that

> a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided by Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c).[4]

Thus, by its terms, the rule requires creditors such as Anwar to file nondischargeability complaints within sixty days of the creditors' meeting. A creditor may move to extend the deadline for cause—as Anwar successfully did once—but "[t]he motion shall be filed before the time has

---

[4] Anwar does not dispute that the bankruptcy court provided her the requisite notice under FRBP 4007(c).

expired." *Id.*[5]  Reinforcing the statement that creditors must move for extensions of FRBP 4007(c)'s filing deadline before the time for filing has expired, FRBP 9006(b)(3) states that bankruptcy courts may extend this deadline "only to the extent and under the conditions stated in" FRBP 4007(c) itself.  Fed. R. Bankr. P. 9006(b)(3).  This requirement distinguishes FRBP 4007(c)'s deadline from most others set by the bankruptcy rules, which bankruptcy courts may extend at any time upon a showing of good cause or excusable neglect.  Fed. R. Bankr. P. 9006(b)(1).

Consistent with the plain language of FRBP 4007(c) and 9006(b)(3), we have repeatedly held that the sixty-day time limit for filing nondischargeability complaints under 11 U.S.C. § 523(c) is "strict" and, without qualification, "cannot be extended unless a motion is made before the 60-day limit expires." *In re Kennerley*, 995 F.2d at 146 (citing *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925 (9th Cir. 1992)); *see also, e.g.*, *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 37 F.3d 1354, 1358 (9th Cir. 1994); *Jones v. Hill (In re Hill)*, 811 F.2d 484, 486 (9th Cir. 1987). Accordingly, Anwar was not entitled to a retroactive extension of the filing deadline based on equitable considerations or a local rule of bankruptcy procedure that

---

[5] The bankruptcy code provides one exception from the prohibition against retroactive extensions of FRBP 4007(c)'s filing deadline—for a complaint challenging the dischargeability of a debt that was "neither listed nor scheduled . . . in time to permit . . . timely filing of a proof of claim and timely request for a determination of dischargeability of such debt," unless the creditor "had notice or actual knowledge of the [bankruptcy] case in time for such timely filing and [complaint]." 11 U.S.C. § 523(a)(3)(B).  Because Anwar did not invoke this exception before the district court, we decline to consider it for the first time on appeal. *United States v. Oregon*, 769 F.2d 1410, 1414 (9th Cir. 1985).

purports to grant the bankruptcy court discretion to excuse untimely filings.

## B

The bankruptcy court lacked equitable power to grant Anwar relief from her untimely filings. "In bankruptcy cases, a court's equitable power is derived from 11 U.S.C. § 105(a)," *In re Anwiler*, 958 F.2d at 928 n.5, which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," 11 U.S.C. § 105(a). However, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). These confines include deadlines set by the Federal Rules of Bankruptcy Procedure. *See Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1432 (9th Cir. 1990) (holding that the bankruptcy court may not invoke its equitable power under § 105(a) to enlarge the time for filing a proof of claim under FRBP 3002(c), where FRBP 9006(b)(3) limits the grounds for extension to those stated in FRBP 3002(c) itself). Because granting Anwar a retroactive extension of the filing deadline would conflict with the plain language of FRBP 4007(c) and 9006(b)(3), the bankruptcy court could not rely on its equitable powers to do so. *See Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 725 (6th Cir. 1991) ("bankruptcy courts cannot use equitable principles to

disregard unambiguous statutory language") (internal quotation marks and citation omitted).**⁶**

Thus, the fact that Anwar missed the filing deadline by less than an hour is immaterial. *See Kelly v. Gordon (In re Gordon)*, 988 F.2d 1000, 1001 (9th Cir. 1993) (denying equitable relief from FRBP 4007(c) deadline where complaint filed two days late); *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 205–06 (9th Cir. 1991) (same). Nor is the lack of prejudice to the debtors significant. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (holding that lack of prejudice to opposing party "is not an independent basis for invoking [equitable exceptions] and sanctioning deviations from established procedures"). That Anwar seeks to file a fraud claim is similarly irrelevant to the analysis. *See In re Kennerley*, 995 F.2d at 146. Finally, the advent of mandatory electronic filing systems does not upend this body of precedent, and the fact that Anwar's untimely filing stemmed from difficulty with an electronic filing system is immaterial. Paper filing systems present their own unique opportunities for parties to miss their deadlines; as the bankruptcy court in this case noted, the Arizona bankruptcy court's electronic filing system made it easier for

---

**⁶** We acknowledge that the U.S. Supreme Court has not expressly addressed whether FRBP 4007(c)'s filing deadline admits of any equitable exceptions and that lower courts are divided on the issue. *See Kontrick v. Ryan*, 540 U.S. 443, 457 & nn.11–12 (2004) (declining to decide question and noting circuit split). We need not, and do not, reach the question of whether external forces that prevented any filings—such as emergency situations, the loss of the court's own electronic filing capacity, or the court's affirmative misleading of a party—would warrant such an exception. *See, e.g.*, *In re Kennerley*, 995 F.2d at 147–48; *see also Ticknor v. Choice Hotels Intern., Inc.*, 275 F.3d 1164, 1165 (9th Cir. 2002).

Anwar's counsel to timely file the complaints from his office in Oregon. In short, absent unique and exceptional circumstances not present here, we do not inquire into the reason a party failed to file on time in assessing whether she is entitled to an equitable exception from FRBP 4007(c)'s filing deadline; under the plain language of the rules and our controlling precedent, there is no such exception.

## C

Contrary to Anwar's assertion, the Arizona bankruptcy court's local rules do not provide relief. Pursuant to FRBP 9029(a)(1), federal district courts may promulgate local rules of bankruptcy procedure "which are consistent with—but not duplicative of—Acts of Congress and [the FRBP] and which do not prohibit or limit the use of the Official Forms . . . ." Fed. R. Bankr. P. 9029(a)(1). In addition, FRBP 5005(a)(2) authorizes district courts to promulgate local bankruptcy rules that require electronic filing, provided such rules comport with technical standards established by the Judicial Conference of the United States and allow for "reasonable exceptions." Fed. R. Bankr. P. 5005(a)(2). The bankruptcy court for the District of Arizona, as noted above, has exercised its authority to establish an electronic filing system and has promulgated local procedural rules governing its use. Of relevance to this appeal, Local Rule of Bankruptcy Procedure ("LRBP") 5005-2(n) provides that an attorney or party whose electronic filing "is untimely or otherwise improper may seek appropriate relief from the bankruptcy court upon a showing of good cause or excusable neglect." Local R. Bankr. P. 5005-2(n). Anwar argues that this local rule gives the bankruptcy court discretion to consider untimely nondischargeability complaints where the late filing

results from technical difficulty with the electronic filing system.

However, a local rule of bankruptcy procedure cannot be applied in a manner that conflicts with the federal rules. *See Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981). District and bankruptcy courts have been delegated authority to adopt local rules prescribing the conduct of business but the rules must be consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 784 (9th Cir. 2007). Local bankruptcy rules may not "enlarge, abridge, or modify any substantive right." *Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768, 782 (B.A.P. 9th Cir. 2005) (internal quotation marks and citation omitted). Because the federal bankruptcy rules do not permit an "excusable neglect" exception to FRBP 4007(c)'s filing deadline, LRBP 5005-2(n) cannot provide Anwar relief.

It is of no moment that LRBP 5005-2(n) closely tracks a model rule of local bankruptcy procedure developed by the Judicial Conference of the United States.[7] A model rule is, by definition, only an advisory template. By itself, it has no

---

[7] The relevant model rule provides that a user of an electronic filing system "whose filing is made untimely as the result of a technical failure may seek appropriate relief from the court." U.S. Judicial Conference, Cmte. on Court Admin. & Case Mgmt., Model Local Bankruptcy Court Rules for Electronic Case Filing, Rule 11 – Technical Failures (June 29, 2001). The associated commentary states that the model rule addresses both "the possibility that a party may not meet a filing deadline because the court's website is not accessible for some reason" and "the possibility that the filer's own unanticipated system failure might make the filer unable to meet a filing deadline." *Id.* at cmt. 1.

legal force and cannot trump the Federal Rules of Bankruptcy
Procedure.

## III

We decline Anwar's invitation to revise the Federal Rules
of Bankruptcy Procedure, which plainly provide that a party
may file a nondischargeability complaint under 11 U.S.C.
§ 523 outside the sixty-day window established by FRBP
4007(c) if, and only if, she files a motion showing good cause
for an extension *before* the sixty-day period lapses.  Fed. R.
Bankr. P. 4007(c), 9006(b)(3).

Because neither the federal rules, local rules, nor model
rules of bankruptcy procedure gave the bankruptcy court
authority to relieve Anwar from the consequences of her
untimely filing, we affirm the dismissal of her
nondischargeability complaints with prejudice.

**AFFIRMED.**