NOT FOR PUBLICATION



**FILED**

**FEB 26 2021**

**SUSAN M. SPRAUL, CLERK**
**U.S. BKCY. APP. PANEL**
**OF THE NINTH CIRCUIT**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARNO ARUTYUNYAN,<br>　　　　　Debtor. | BAP No. CC-20-1006-GFL<br><br>Bk. No. 2:19-bk-16510-RK |
| SOROUSH JANAMIAN,<br>　　　　　Appellant,<br>v.<br><br>ARNO ARUTYUNYAN,<br>　　　　　Appellee. | Adv. No. 2:19-ap-01381-RK<br><br>**MEMORANDUM**[1] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Robert N. Kwan, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Creditor Soroush Janamian ("Janamian") appeals the bankruptcy

court's order granting chapter 7[2] debtor Arno Arutyunyan's ("Debtor")

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

motion to dismiss Janamian's adversary complaint pursuant to Civil Rule 12(b)(6), made applicable by Rule 7012. In the adversary proceeding, Janamian sought to except his debt from discharge under §§ 523(a)(2), (4), and (6). However, he failed to file the complaint by the deadline imposed under Rule 4007(c) or seek an extension of the deadline in accordance with that Rule.

The bankruptcy court was right. It could not retroactively extend the deadline. Accordingly, we AFFIRM.

## FACTS[3]

Debtor filed his chapter 7 petition on June 3, 2019. He listed Janamian on Schedule E/F as a creditor with an unsecured claim of $104,577. All creditors, including Janamian, received notice from the court that the deadline for filing a nondischargeability complaint was September 6, 2019.

On September 13, 2019, Janamian filed his adversary complaint seeking to except his debt from discharge under § 523(a)(2), (4) and (6). The complaint was signed and dated by Janamian on September 6, 2019.

Debtor filed a motion to dismiss the complaint and argued that Janamian did not file the complaint within the time limit of Rule 4007(c)

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure

[3] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and the main case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

and did not file a motion to extend the deadline. Janamian did not file a response to the motion to dismiss prior to the hearing. Instead, he asserted in the joint status report that he was not served with the motion to dismiss and had no knowledge of it.

At the hearing on the motion to dismiss, Janamian stated that neither he nor his attorney were served with the motion. He requested a continuance to allow him to file an opposition to the motion to dismiss. The bankruptcy court permitted Janamian to file an opposition and informed the parties that after receiving the opposition and Debtor's reply, it would take the matter under submission unless it determined that a further hearing would be needed.

Janamian argued in his opposition that the time limit was not jurisdictional, and because he made a good faith effort to timely file the complaint, the bankruptcy court should grant equitable relief. Janamian also provided a declaration of Alex Spada, a registered process server who worked for Janamian.

Pursuant to the declaration, Mr. Spada received the complaint from Janamian on September 6, 2019 and unsuccessfully attempted to "fax file" it with the court. On September 9, 2019, he submitted the complaint to One Legal, an electronic filing service, for filing with the court. Mr. Spada then contacted One Legal on September 11, 2019 and was told that the complaint was rejected because the court needed the "original paperwork." On September 12, 2019, he tried to file the complaint at the bankruptcy

court but was told he needed to file the complaint with the "original wet signature." Finally, he obtained the original complaint and filed it on September 13, 2019.

Debtor argued in his reply that Janamian had notice of the deadline, and he failed to provide any basis for equitable relief.

The bankruptcy court issued a memorandum decision and entered an order dismissing the complaint with prejudice. The bankruptcy court held that pursuant to Rule 4007(c), Janamian was required to either file his complaint or a motion for an extension by September 6, 2019. The court determined that fax filing is not a proper method of filing a complaint under Rule 5005(a) and generally only attorneys can electronically file documents using the court's electronic filing system. The court further reasoned that pursuant to Local Bankruptcy Rule 1071-1(c), documents filed non-electronically must be filed in the clerk's office and must be accompanied by the required fee and signature.

The bankruptcy court held that under Ninth Circuit precedent, it had no discretion to retroactively extend the deadline and therefore, the complaint was untimely and must be dismissed with prejudice. Janamian timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err by dismissing the complaint?

**STANDARD OF REVIEW**

We review the bankruptcy court's decision to dismiss a complaint with prejudice for abuse of discretion. *Anwar v. Johnson*, 720 F.3d 1183, 1186 (9th Cir. 2013). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

To challenge the dischargeability of a debt under §§ 523(a)(2), (4), or (6), a creditor must affirmatively request an exception from discharge. § 523(c). Rule 4007(c) requires that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Pursuant to Rule 9006(b)(3), the bankruptcy court can extend this deadline only to the extent and under the conditions stated in Rule 4007(c), which permits an extension for cause, on a motion from a party in interest filed within the sixty-day deadline.

Rules 4007(c) and 9006(b) are not jurisdictional. They are claim processing rules which operate to (1) inform creditors of the time to file a complaint; (2) instruct the court on the limits of its discretion to extend the deadline; and (3) provide debtors with an affirmative defense to an

6

untimely filed complaint. *See Kontrick v. Ryan*, 540 U.S. 443, 455-56 (2004) (analyzing Rule 4004). Janamian had notice of the deadline and Debtor timely raised the defense in his motion to dismiss.

Janamian acknowledges that he had notice of the deadline, and he does not dispute that he failed to file the complaint or a motion to extend the deadline within the time limit imposed by Rule 4007(c). Instead, he argues that the bankruptcy court erred by failing to conduct an evidentiary hearing to determine whether the facts involved in Janamian's attempts to timely file the complaint warranted equitable relief from the deadline.

The Ninth Circuit has "repeatedly held that the sixty-day time limit for filing nondischargeability complaints under 11 U.S.C. § 523(c) is 'strict' and, without qualification, 'cannot be extended unless a motion is made before the 60-day limit expires.'" *Anwar*, 720 F.3d at 1187 (quoting *Allred v. Kennerly (In re Kennerly)*, 995 F.2d 145, 146 (9th Cir. 1993)). Bankruptcy courts lack equitable power to retroactively extend the deadline under § 105(a) because doing so would conflict with the plain language of Rules 4007(c) and 9006(b)(3). *Id.*

Janamian did not request an evidentiary hearing, but the factual circumstances surrounding his failure to timely file the complaint are not relevant to the bankruptcy court's decision. It is immaterial that Janamian made a good faith effort to file the complaint on time. *See id.* at 1188 ("[T]he fact that [plaintiff] missed the deadline by less than an hour is

immaterial."). It is also immaterial that his "untimely filing stemmed from difficulty with an electronic filing system." *Id.*

The Ninth Circuit has recognized a limited exception to the sixty-day time limit for "extraordinary" circumstances. *Willms v. Sanderson*, 723 F.3d 1094, 1103 (9th Cir. 2013); *In re Kennerly*, 995 F.2d at 147. But this "extraordinary circumstances" exception applies only where the bankruptcy court "explicitly misleads a party" into untimely filing its complaint. *In re Kennerly*, 995 F.2d at 147-48; *Merenda v. Brown (In re Brown)*, 102 B.R. 187, 189 (9th Cir. BAP 1989). "Absent action by the court that could have misled the creditor, there is no authority for finding 'extraordinary circumstances' that would allow an untimely complaint to go forward." *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 143 B.R. 728, 733 (9th Cir. BAP 1992), *aff'd*, 37 F.3d 1354 (9th Cir. 1994).

Janamian does not argue that he was misled by the bankruptcy court. He failed to timely file the complaint because he chose to "fax file" it instead of filing the complaint "in the divisional office of the clerk," "accompanied by [the] required fee and signature" as required by Local Bankruptcy Rules 1071-1(c) and 5005-1.

Regardless of the problems Janamian encountered in his attempts to file the complaint, the bankruptcy court lacked equitable power to deviate from the strict terms of Rule 4007(c). Janamian did not file the complaint or a motion to extend within the time set by Rule 4007(c) and the bankruptcy court did not abuse its discretion by granting the motion to dismiss.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order dismissing the adversary complaint with prejudice.