**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In the Matter of: STEVEN D. MOLASKY, Debtor, | No. 11-15059 |
| STEVEN D. MOLASKY, Appellant, | D.C. No. 2:10-cv-00779-JCM-PAL |
| v. | MEMORANDUM* |
| W. LESLIE SULLY, JR., CHTD., PROFIT SHARING PLAN, Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued April 20, 2012
Re-Submitted September 11, 2012
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN and MURGUIA, Circuit Judges, and TIMLIN, Senior District Judge.[**]

Steven D. Molasky ("Molasky") filed a voluntary bankruptcy petition in which One Cap Holding Corporation ("OneCap") commenced an adversary proceeding under 11 U.S.C. § 523. The W. Leslie Sully, Jr., Chtd. Profit Sharing Plan ("Sully") intervened in the § 523 complaint. After OneCap was dismissed for failure to prosecute, the bankruptcy court dismissed Sully. The district court reversed the bankruptcy court's dismissal of Sully, finding Sully to be a party plaintiff to the § 523 complaint. We vacate the district court's order and remand to the bankruptcy court for proceedings consistent with the discussion below.

We proceed assuming that Sully was originally an intervenor and not a party plaintiff to the § 523 complaint. An intervenor can proceed after dismissal of the original party if 1) there is an independent basis for jurisdiction, and 2) unnecessary delay would otherwise result. *See Benavidez v. Eu*, 34 F.3d 825, 830 (9th Cir. 1994). The bankruptcy court summarily found no independent basis for jurisdiction for Sully because Sully failed to file a timely § 523 complaint. The bankruptcy court erred as a matter of law, however, in failing to recognize that the § 523 deadline is discretionary and may be extended with cause. *See* FED. R.

[**] The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for Central California, sitting by designation.

BANKR. P. 4004(b). The deadline can be extended even after the deadline has already run. *See* FED. R. BANKR. P. 4004(b)(2). Failure to meet the § 523 deadline is not a mandatory jurisdictional bar.

The bankruptcy court could have considered various factors in determining whether "cause" existed for extending the § 523 deadline: "(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect." *In re Magouirk*, 693 F.2d 948, 951 (9th Cir. 1982) (citations omitted). Molasky does not appear prejudiced by allowing jurisdiction, as he was already on notice as to OneCap's complaint. If the bankruptcy court limits Sully to litigating OneCap's original complaint, Molasky is not exposed to any new complaints. The length of the delay is related specifically to the time it took for OneCap to fail to prosecute, so the delay should not be an undue burden to the court's administrative process. OneCap's failure to prosecute appears to be beyond the reasonable control of Sully. These equitable arguments suggest that Sully should be allowed to continue the § 523 action, and "bankruptcy courts . . . are courts of equity and appl[y] the principles and rules of equity jurisprudence."

3

*Young v. U.S.*, 535 U.S. 43, 50 (2002) (alteration in original) (quoting *Pepper v. Litton*, 308 U.S. 295, 304 (1939)) (internal quotation marks omitted).

Because we hold that the bankruptcy court erred as a matter of law in failing to consider an independent basis for jurisdiction over Sully as an intervenor, we do not reach the question of whether Sully was originally admitted as a party plaintiff to the § 523 action.

For the reasons stated above, we **VACATE** the district court's order and **REMAND** to the bankruptcy court for a determination of jurisdiction over Sully under FED. R. BANKR. P. 4004(b).

*In re Molasky*, 11-15059

MURGUIA, Circuit Judge, dissenting.

I respectfully dissent. Sully failed to file an adversary action before the applicable statute of limitations ran. Rather than seek an extension of the statute of limitations, Sully reached an agreement with the debtor, Molasky, to intervene in OneCap's case. Following the dismissal of OneCap, the bankruptcy court properly determined that Sully could not proceed, since its claims were time barred. A court can only retain jurisdiction over an intervenor's claims after dismissal of the original plaintiff if "the court can avoid the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are." *Benavidez v. Eu*, 34 F.3d 925, 830 (9th Cir. 1994) (internal quotations omitted). Although Sully intervened by stipulation before another intervenor was dismissed, the stipulation did not explicitly waive the statute of limitations. Sully does not pass the *Benavidez* test because dismissing its time-barred claims will not simply postpone a new suit from being brought.

Sully does not claim the bankruptcy court abused its discretion in failing to extend the statute of limitations, nor does it seek the "equitable" remedy the majority provides. Rather, Sully only claims that it satisfies the *Benavidez* test. For the reasons explained above, it does not. Sully elected to intervene after OneCap was dismissed. Sully did not seek an extension of the statue of limitations

to assert its own claims, nor did it seek to be substituted for OneCap before its dismissal. It is not the province of this Court, at this stage, to introduce a remedy that in hindsight appears better for the appellants as a matter of equity. *See, e.g., In Re Bernal*, 207 F.3d 595 (9th Cir. 2000) (holding that where noteholder improperly sought intervention after default where the proper remedy was substitution pursuant to Fed. R. Bankr. P. 7025, court had no remedy for the noteholder); *see also*, *F.D.I.C. v. Deglau*, 207 F.3d 153, 159 n.2 (3d Cir. 2000). I would affirm the bankruptcy court.