NOT FOR PUBLICATION

FILED

OCT 20 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. NV-14-1109-PaJuHl |
| ) | |
| STEVEN D. MOLASKY, ) | Bankr. No. 08-14517 |
| ) | |
| Debtor. ) | Adv. No. 08-1246 |
| _____ ) | |
| ) | |
| AUGUSTINE C. BUSTOS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| STEVEN D. MOLASKY, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on September 18, 2014
at Las Vegas, Nevada

Filed - October 20, 2014

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Mike K. Nakagawa, Chief Bankruptcy Judge, Presiding

Appearances:    John Messinger Netzorg argued for appellant
                Augustine C. Bustos; Jordan T. Smith argued for
                appellee Steven D. Molasky.

Before: PAPPAS, JURY and HOULE,[2] Bankruptcy Judges.

_____

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]   The Honorable Mark D. Houle, Bankruptcy Judge for the Central District of California, sitting by designation.

Creditor Augustine C. Bustos ("Bustos") appeals the order of the bankruptcy court dismissing Bustos' claim as intervenor in a § 523(a) exception to discharge action against chapter 11[3] debtor Steven D. Molasky ("Molasky"). We AFFIRM.

**FACTS**

The underlying facts in this appeal are generally undisputed.

In May of 2007 a promissory note (the "Ellington Note") in the amount of $17 million was executed by PPD 222 Broadway I, LLC (the "Ellington Borrower") in favor of OneCap Funding Corporation ("OneCap"). Molasky was the controlling person of the Ellington Borrower and signed the Ellington Note on its behalf. Molasky also executed a Continuing Guarantee obligating him for all "debts, obligations and liabilities" of the Ellington Borrower under the Ellington Note.

Bustos was one of several investors in OneCap; he provided $800,000 of the funds loaned via the Ellington Note.

Molasky filed a petition for relief under chapter 11 on May 3, 2008. Creditors were notified that the § 341(a) creditors' meeting would occur on June 12, 2008, and that the last day to file a complaint objecting to the discharge of debt under § 523(c) was August 11, 2008. See Rule 4007(c).[4] A copy of this notice

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1–86.

[4] **Rule 4007. Determination of Dischargeability of a Debt**
. . .
    (c)  Time for Filing Complaint Under § 523(c). . . . Except
         as otherwise provided in subdivision (d), a complaint to
                                                        continue...

was sent to Bustos.

On August 11, 2008, OneCap filed an adversary complaint against Molasky seeking exception to discharge for several claims under § 523(a)(2)(A). The complaint alleged that, in connection with obtaining several loans via OneCap, including the loan represented by the Ellington Note, Molasky had executed documents containing false representations on which OneCap had relied in making the loans. The first claim for relief in OneCap's complaint sought an exception to discharge for amounts owed on the Ellington Note. Bustos was not named as a plaintiff in the adversary complaint filed by OneCap, nor did he file his own § 523(c) adversary complaint against Molasky before the August 11 deadline.

A settlement agreement was reached in the main bankruptcy case relating to a group of debts not directly related to the Ellington Note, but indirectly involving Bustos.[5] The parties to that settlement apparently agreed to allow Bustos to intervene in

---

[4]...continue
determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Rule 4007(c).

[5] The settlement agreement was a complex instrument whereby Molasky and the entities he controlled transferred a certain property (not related to the debt in this appeal) to a group of entities known as the Lehman Parties. Although Bustos was apparently involved in the discussions on the settlement agreement, he was not a party to the agreement.

-3-

the OneCap adversary proceeding, and also that Molasky would waive any timeliness or statute of limitations defenses.

Bustos filed a motion to intervene in the OneCap adversary proceeding on September 8, 2008. Attached to the intervention motion was Bustos's proposed Complaint in Intervention. Molasky filed a limited opposition to this motion, arguing that while he did not object to allowing Bustos to intervene as a claimant, he did object to permitting Bustos to file the attached complaint because the deadline for filing a § 523(c) adversary complaint had passed and, therefore, any claims of Bustos independent of those asserted by OneCap were time-barred.

At a October 15, 2008 hearing, the bankruptcy court agreed with Molasky that while Bustos should be allowed to intervene as an "Intervenor/Claimant" in the OneCap action, he would not be allowed to file the Complaint in Intervention. In an October 31, 2008 order (the "Intervention Order"), the court ordered in relevant part that:

> [Bustos] is afforded all the rights and remedies as those granted to [OneCap] in this Adversary Proceeding, insofar as they pertain to any and all of the claims of [Bustos] against [Molasky]. That [Bustos] is not permitted to file the separate Complaint in Intervention but may participate in all aspects of this Adversary Proceeding as an Intervenor/Claimant against Molasky.

Intervention Order at 2.

In May 2009, the bankruptcy court permitted counsel for OneCap to withdraw without opposition. Then, when no attorney representing OneCap appeared at a status conference, on June 4, 2009, the court issued an Order to Show Cause ("OSC") directing OneCap to appear and explain why OneCap should not be dismissed for failure to prosecute the adversary proceeding. OneCap did not

-4-

appear at the show cause hearing on July 15, 2009. Bustos was aware of the OSC, was represented at the hearing, and did not object to OneCap's dismissal. Notably, at the hearing, the court decided it would not dismiss the adversary proceeding or Bustos. However, the following colloquy took place between the bankruptcy court and counsel at the OSC hearing:

> THE COURT: There being no appearance [by OneCap] the Court will issue an order dismissing OneCap from the proceeding; however, that leaves Mr. Bustos I guess as the lone party I guess to carry the flag in this matter; am I right?
>
> NETZORG: [Bustos's counsel]: Yes, your Honor.
>
> . . .
>
> THE COURT: Well, the Court will issue an order dismissing it as to OneCap, the Plaintiff, but we'll go forward with the scheduling conference at the end of the month? All right?
>
> . . .
>
> PISANELLI: [Molasky's attorney]: An issue exists . . . whether the remaining claims [of Bustos] can continue in light of the fact that they were just joining into the OneCap complaint. . . . We'll file a motion on that point with you.
>
> THE COURT: All right.

Hr'g Tr. 3:19—4:20, July 15, 2009. On July 21, 2009, the bankruptcy court entered an order that the adversary proceeding be "DISMISSED as to Plaintiff [OneCap]."

Molasky filed a motion to dismiss Bustos and the adversary proceeding on July 20, 2009. Molasky argued that Bustos was not entitled to an § 523(c) exception to discharge because he had missed the Rule 4007(c) complaint filing deadline. Bustos opposed the motion, arguing that it would be inequitable to dismiss the action under the circumstances, and that Molasky had voluntarily

waived any statute of limitations defense.

The bankruptcy court heard the dismissal motion on September 3, 2009. In a memorandum decision entered September 28, 2009, the court dismissed Bustos, concluding that Bustos had no independent basis for an exception to discharge because Bustos missed the § 523(c) deadline. The court entered an order (the "Bustos Dismissal Order") the same day.

Earlier, on August 14, 2009, the bankruptcy court had approved a stipulation between Molasky and the W. Leslie Sully, Jr. Chtd. Profit Sharing Plan ("Sully Plan"), a creditor in the bankruptcy case, permitting Sully Plan to intervene in the OneCap/Bustos adversary proceeding as a Plaintiff. There were no restrictions placed on Sully Plan's participation in the adversary proceeding in the order approving the stipulation. Sully Plan did not file a separate Complaint in Intervention. The bankruptcy court thereafter dismissed Sully Plan from the adversary proceeding by order entered May 13, 2010, for the same reasons it dismissed Bustos.

Bustos and Sully Plan appealed the two dismissal orders to the district court. It reversed both dismissal orders in separate, although nearly identical, decisions, stating as follows:

> The adversary proceeding underlying this appeal and the bankruptcy court's subject matter jurisdiction survived the dismissal of OneCap as plaintiff. At all times until the dismissal of the Sully Plan, the bankruptcy court and the parties treated the adversary proceeding as an open case. Before the dismissal of Bustos, as an intervenor, the bankruptcy court entered the August 14th order allowing the Sully Plan to intervene as Plaintiff. With the entry of the Sully Plan as plaintiff in the adversary proceeding, there was no basis for the dismissal of either Bustos as an intervenor, or the

-6-

Sully Plan as a plaintiff. Bustos v. Molasky, case no. 10-00779-JCM-PAL, slip op. at 3 (D. Nev. Dec. 23, 2010); Sully v. Molasky, slip op. at 4 (D. Nev. Dec. 23, 2010) (identical paragraphs in both decisions).

However, on further appeal, the Ninth Circuit vacated the district court's two orders, also entering nearly identical decisions.[6] Molasky v. Bustos (In re Molasky), 492 F. App'x 801, 803 (9th Cir. 2012); Molasky v. Sully (In re Molasky), 492 F. App'x. 805, 807 (9th Cir. 2012). In both decisions, the Ninth Circuit stated:

> An intervenor can proceed after dismissal of the original party if 1) there is an independent basis for jurisdiction, and 2) unnecessary delay would otherwise result. See Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir. 1994). The bankruptcy court summarily found no independent basis for jurisdiction for [Bustos/Sully] because [Bustos/Sully] failed to file a timely § 523 complaint. The bankruptcy court erred as a matter of law, however, in failing to recognize that the § 523 deadline is discretionary and may be extended with cause. See [Rule] 4004(b).[7] The deadline can be extended even after the deadline has already run. See [Rule] 4004(b)(2). Failure to meet the § 523 deadline is not a mandatory jurisdictional bar.
>
> The bankruptcy court could have considered various factors in determining whether "cause" existed for extending the § 523 deadline: "(1) whether granting the delay will prejudice the debtor, (2) the length of the

---

[6] The only difference between the two circuit orders is that the Sully decision included the following two sentences:

> The district court reversed the bankruptcy court's dismissal of Sully, finding Sully to be a party plaintiff to the § 523 complaint. . . . We proceed assuming that Sully was originally an intervenor and not a party plaintiff to the § 523 complaint. . . .

Sully, 492 F. App'x at 806-07.

[7] The Court of Appeals later amended the decision to read § 4007(b) rather than § 4004(b).

-7-

delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect." In re Magourik, 693 F.2d 948, 951 (9th Cir. 1982) (citations omitted). Molasky does not appear prejudiced by allowing jurisdiction, as he was already on notice as to OneCap's complaint. If the bankruptcy court limits [Bustos/Sully] to litigating OneCap's original complaint, Molasky is not exposed to any new complaints. The length of the delay is related specifically to the time it took for OneCap to fail to prosecute, so the delay should not be an undue burden to the court's administrative process. OneCap's failure to prosecute appears to be beyond the reasonable control of Sully. These equitable arguments suggest that [Bustos/Sully] should be allowed to continue the § 523 action, and "bankruptcy courts . . . are courts of equity and appl[y] the principles and rules of equity jurisprudence." Young v. U.S., 535 U.S. 43, 50, 122 S. Ct. 1036, 152 L. Ed. 2d 79 (2002) (alteration in original)(quoting Pepper v. Litton, 308 U.S. 295, 304, 60 S. Ct. 238, 84 L. Ed. 281 (1939))(internal quotation marks omitted).

Bustos, 492 F. App'x at 803; Sully, 492 F. App'x. at 807.

On remand, the bankruptcy court directed the parties to brief the five In re Magourik factors discussed in the Ninth Circuit's decisions. At a February 12, 2013 hearing, Molasky argued that Magourik factors 2 and 4 clearly favored Molasky and factors 1, 3 and 5 tilted in favor of Molasky. Bustos argued that all five factors favored Bustos.

The bankruptcy court entered a memorandum and order after remand on March 3, 2014 (the "Memorandum on Remand"). In it, the court concluded that "the deadline under FRBP 4007 should not be extended for cause under the [Magourik] factors." As to factors 1 and 3, the bankruptcy court ruled in the Memorandum on Remand that:

[Molasky] is prejudiced because allowing Bustos to proceed after dismissal of the complaint brought by OneCap fundamentally changes the premise under which

-8-

> [Molasky] consented to Bustos['] intervention. . . . Under the circumstances, OneCap's failure to prosecute the adversary proceeding simply was not beyond the reasonable control of Bustos.

The bankruptcy court found that no evidence had been presented regarding the other three Magourik factors: impact on court administration, good faith, or possible error or neglect of counsel.

The bankruptcy court concluded that, under the Magourik factors, Bustos had not met the burden of establishing that relief from the exception to discharge deadline should be granted on the basis of excusable neglect. Significantly, the bankruptcy court concluded its decision by observing that subsequent rulings by the Ninth Circuit had likely changed the law on which the court's decision had been premised. In Anwar v. Johnson, 720 F.3d 1183 (9th Cir. 2013), the Ninth Circuit held that a bankruptcy court does not have equitable authority to grant retroactive relief from the deadline imposed by Rule 4007(c) to file complaints seeking exception to discharge. Id. at 1187-88. Thus, the bankruptcy court noted, "the legal premise for the remand directed by the panel majority in the instant case is no longer viable."

The bankruptcy court entered an order dismissing Bustos from the adversary proceeding on March 3, 2014. Bustos filed a timely appeal on March 13, 2014.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). The Panel has jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in dismissing Bustos as intervenor.

## STANDARD OF REVIEW

An order dismissing a permissive intervenor is reviewed for abuse of discretion. Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir. 1994). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc)).

## DISCUSSION

### I.

### Bustos was a permissive intervenor, not an intervenor of right.

Resolution of the issues on appeal requires us first to determine Bustos's status as a party in the adversary proceeding.

Under Civil Rule 24,[8] made applicable in adversary

---

[8] **Rule 24. Intervention**

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that

continue...

-10-

proceedings by Rule 7024, a bankruptcy court must allow a party to intervene in an action where the requirements of Civil Rule 24(a) are satisfied. <u>Arakaki v. Cayetano</u>, 324 F.33 1078, 1083 (9th Cir. 2003). It may, in its discretion, permit the intervention of a party when the requirements of Civil Rule 24(b) are satisfied. <u>Montgomery v. Rumsfeld</u>, 572 F.2d 250, 258 (9th Cir. 1978).

Bustos has steadfastly characterized his status in the adversary proceeding as that of an intervenor of right. Although his argument is far from a model of clarity, it appears that Bustos did not qualify for intervention of right:

> A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. . . . . Each of these four requirements must be satisfied to support a right to intervene. <u>League of United Latin Am. Citizens v. Wilson</u>, 131 F.3d 1297, 1302 (9th Cir. 1997).

<u>Arakaki</u>, 324 F.3d at 1081.

While Bustos arguably meets three of the four criteria to intervene of right in the adversary proceeding, Bustos concedes that he may not meet the fourth requirement: "Bustos was entitled to intervene under [Rule] 24(a) as he met all the requirements for mandatory intervention (with the one possible exception that

---

<sup></sup>[8]...continue
shares with the main action a common question of law or fact. . . . (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

-11-

OneCap was prosecuting the case as his representative)." Bustos Bankr. Op. Br. On Remand at 13. Bustos repeats this argument in this appeal:

> The only remedy recognized by the Rules, as non-parties, to protect their interests would be to intervene under Rule 7024 [here Bustos footnotes to Rule 7024(a) on intervention as of right] since their Servicing Agent no longer was representing their interests. Rule 7024 in this scenario, does no violence to Rule 4007(c), it simply serves to protect a represented party when their fiduciary is guilty of nonfeasance.

Reply Br. at 13-14. By these statements, Bustos acknowledges that OneCap was his legal representative, and that Bustos considered OneCap to be a fiduciary. Further, Bustos had represented to the bankruptcy court that OneCap was his legal representative under a contract; the Loan Service Agreement between OneCap and Bustos provides:

> ¶ 24. Lender [Bustos] Acknowledgment. . . . b) Lender agrees not to represent themselves in any courts unless agreement is terminated . . . and agrees that OneCap Mortgage and or its attorneys will represent Lender on their behalf while any amounts are still outstanding under the Note.

Loan Service Agreement at 7 ¶ 24.

A leading treatise on federal procedure notes that, when a party is representing the creditor, that representation will be presumed adequate and, consequently, the creditor may not assert intervention as of right. Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE CIVIL § 1909, 410-11 (citing Jones v. Prince George's Cnty. Md., 348 F.3d 1014 (D.C. Cir. 2003); Meyer Goldberg, Inc. of Lorain v. Goldberg, 717 F.2d 290, 293 (6th Cir. 1983); Bumgarner v. Ute Indian Tribe, 417 F.2d 1305 (10th Cir. 1969)). This is particularly the case when the creditor is represented by a

-12-

fiduciary. Id.

Since at the time Bustos sought intervention in the adversary proceeding,[9] OneCap was, by contract, his legal representative for purposes of pursuing collection from Molasky, and since that representation was presumptively adequate, Bustos could not satisfy the fourth criterion in Arakaki for intervention of right.

In addition, although the bankruptcy court did not clearly specify whether it was granting Bustos's intervention under Rule 24(a) or (b), the intervention order implied that the intervention was permissive in nature: "That pursuant to Bankruptcy Rule 7024, Augustine C. Bustos [is] permitted to intervene in the pending OneCap Adversary Proceeding Objecting to Discharge. . . . That Augustine C. Bustos is not permitted to file the separate Complaint in Intervention but may participate in all aspects of this adversary proceeding as an Intervenor/Claimant against the Defendant/Debtor." Intervention Order at 2 (emphasis added).

That the Ninth Circuit also considered Bustos a permissive intervenor in the adversary proceeding is evidenced by its direction to the bankruptcy court on remand to apply Benavidez, a decision involving permissive intervention:

> Permitting the intervenor to continue when 1) an independent basis for jurisdiction exists, and 2) unnecessary delay would otherwise result, is sensible and consistent with our existing precedent. As to the first element of the test, we have previously held that

---

[9] Our decision here relates to the nature of the Intervention Order, that is, whether the bankruptcy court granted intervention of right or permissive intervention. Whether there was a later breakdown or failure to perform that representation is not relevant to determination of whether the bankruptcy court ordered permissive or mandatory intervention.

-13-

> a <u>permissive intervenor</u> must establish an independent basis for jurisdiction. <u>E.E.O.C. v. Nev. Resort Ass'n</u>, 792 F.2d 882, 886 (9th Cir. 1986). The second element of the test asks whether refusing to allow the intervenors to continue would lead to senseless delay, because a new suit would inevitably bring the parties, at a much later date, to the point where they are now. The rule promotes judicial economy and preserves litigant resources, and we adopt it.

34 F.3d at 830 (emphasis added). As can be seen, the first condition in <u>Benavidez</u>, which the Ninth Circuit's mandate directs the bankruptcy court to apply, concerns permissive intervenors. Although the Ninth Circuit has not ruled on the issue, the other circuits to address the issue have uniformly held that intervention of right under Civil Rule 24(a) falls within a federal court's ancillary jurisdiction and, consequently, there is no need to find an independent basis for jurisdiction. <u>Sweeney v. Athens Reg'l Med. Ctr.</u>, 917 F.2d 1560, 1566 (11th Cir. 1990); <u>Int'l Paper Co. v. Inhabitants of Town of Jay, Me.</u>, 887 F.2d 338, 346 (1st Cir. 1989); <u>Curtis v. Sears, Roebuck & Co.</u>, 754 F.2d 781, 783 (8th Cir. 1985); <u>see</u> also <u>Zahn v. Int'l Paper Co.</u>, 414 U.S. 291, 306, 38 L. Ed. 2d 511, 94 S. Ct. 505 (1973) (Brennan, J. dissenting) (Supreme Court sustains the exercise of ancillary jurisdiction "where a party's intervention was held to be a matter of right, as is now provided by Rule 24(a)").

We conclude that Bustos did not intervene in the adversary proceeding of right, but instead was a permissive intervenor. As a result, Bustos may not assert the equitable or jurisdictional arguments of an intervenor of right. Further, as a permissive intervenor, the bankruptcy court did not have presumptive ancillary jurisdiction over Bustos that would allow him to continue in the adversary proceeding after dismissal of OneCap

-14-

and, as the Ninth Circuit held, Bustos had to establish an independent basis for the bankruptcy court's jurisdiction over his claim against Molasky. Bustos failed to do so.

**II.**

**The bankruptcy court did not abuse its discretion in dismissing Bustos.**

**A. The Court of Appeals remand order.** The Ninth Circuit concluded that the bankruptcy court erred as a matter of law when it ruled that there was no independent basis of jurisdiction for Bustos's claim against Molasky because Bustos had never filed, nor could he timely file, a separate § 523(c) complaint against Molasky. According to the court, this was error because the bankruptcy court failed to consider that the sixty-day deadline for filing complaints under § 523(a) established by Rule 4007(c) was discretionary and could be extended by the bankruptcy court for cause. The court therefore remanded the matter to the bankruptcy court with instructions that it consider whether, under the Rule, "cause" existed to extend the time for Bustos to file a complaint against Molasky and thereby establish an independent basis for jurisdiction. To decide whether cause existed, the court noted that the bankruptcy court "could have considered" the five factors discussed in Fasson v. Magourik (In re Magourik), 693 F.2d 948 (9th Cir. 1982):

> (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

-15-

Id. at 951.[10]

**B. The bankruptcy court's decision on remand.** After briefing and oral argument, the bankruptcy court's Memorandum on Remand considered the Magourik factors. The court noted that Molasky conceded that factors 2 and 4 favored granting Bustos equitable relief from the Rule 4007(c) deadline, while the remaining three favored Molasky's position. Memorandum on Remand at 7. Bustos argued that all five factors suggested relief should be granted. Id. In the bankruptcy court's analysis, factors 1, 2 and 3 favored Molasky, and insufficient evidence had been presented for the court to weigh factors 4 and 5.[11]

In its decision, the bankruptcy court satisfied the instructions of the Ninth Circuit's Remand Order. It thoughtfully considered whether Bustos had presented a proper basis for an extension of the § 523(c) filing deadline and decided he had not, based upon the factors in the case law identified by the Ninth Circuit. In this respect, we conclude that the bankruptcy court did not abuse its discretion in dismissing Bustos's claim against Molasky.

---

[10] As discussed below, the scope of the bankruptcy court's discretion in determining cause under Rule 4007(c) has been restricted by intervening Ninth Circuit case law.

[11] The bankruptcy court did not examine the other "non-Magourik" equitable arguments made by Bustos: i.e., that where a plaintiff is improperly named in a timely filed action, the correct plaintiff may be substituted under Civil Rules 15 and 17; permitting complaints to be amended even after the Rule 4007(c) deadline has expired under the relation-back doctrine; allowing an action to proceed where the intervening party had adopted the original plaintiff's complaint. However, none of these arguments represent circumstances where, under the later Ninth Circuit cases we discuss below, the bankruptcy court may extend the Rule 4007(c) deadline.

-16-

**C. The Willms and Anwar cases.** The bankruptcy court also buttressed its decision to dismiss Bustos based on two Ninth Circuit decisions entered after the Remand Order: Willms v. Sanderson, 723 F.3d 1094 (9th Cir. 2013), and Anwar v. Johnson, 720 F.3d 1183 (9th Cir. 2013). The bankruptcy court reasoned, correctly we believe, that these two decisions had effectively restricted the discretion of the bankruptcy court to grant extensions of the Rule 4007(c) complaint filing deadline for the sort of equitable reasons identified in Magourik. Memorandum on Remand at 10.[12] In those decisions, the Ninth Circuit instructs:

> [W]e have repeatedly held that the sixty-day time limit for filing nondischargeability complaints under 11 U.S.C. § 523(c) is strict and, without qualification, cannot be extended unless a motion is made before the 60-day limit expires." (internal quotation marks omitted); Anwiler v. Patchett (In re Anwiler), 958 F.2d 925, 927 (9th Cir. 1992) ("[A] court no longer has the discretion to set the deadline, nor can it sua sponte extend the time to file . . . ."); cf. Kontrick v. Ryan, 540 U.S. 443, 448 n.3, 456, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004) (characterizing Rule 4004's time prescription, which is "essentially the same" as that in Rule 4007, as "an inflexible claim-processing rule" that is "unalterable on a party's application"). Strict construction of Rule 4007(c) is necessary due to "the need for certainty in determining which claims are and are not discharged."

Willms, 723 F.3d at 1100.

> The humorist Douglas Adams was fond of saying, "I love deadlines. I love the whooshing sound they make as they fly by." But the law more often follows Benjamin Franklin's stern admonition: "You may delay, but time will not." To paraphrase Émile Zola, deadlines are often the terrible anvil on which a legal result is forged. . . . We decline Anwar's invitation to revise

---

[12] The bankruptcy court also pointed out that the Rule 4007(c) legal landscape had changed based upon two BAP decisions: Johnson v. Safarian (In re Safarian), 2010 WL 6259763 at *6 and n.13 (9th Cir. BAP April 13, 2010); Herndon v. de la Cruz (In re de la Cruz), 176 B.R. 19, 24 (9th Cir. BAP 1994). Memorandum on Remand at 11.

-17-

the Federal Rules of Bankruptcy Procedure, which plainly provide that a party may file a nondischargeability complaint under 11 U.S.C. § 523 outside the sixty-day window established by FRBP 4007(c) if, and only if, she files a motion showing good cause for an extension before the sixty-day period lapses. Fed. R. Bankr. P. 4007(c), 9006(b)(3).

Anwar, 720 F.3d at 1183, 1188 (emphasis added).

In our view, the bankruptcy court correctly inferred from these two decisions that the earlier case law in this Circuit (including In re Magourik), which had adopted a more liberal treatment of "cause" for extension of the sixty-day time limit under Rule 4007(c), had been modified by the newer decisions. Memorandum on Remand at 11. Admittedly, the Ninth Circuit's Remand Order had directed the bankruptcy court to determine if there was cause for extension, something that is clearly authorized in Rule 4007(c). However, as discussed in Willms and Anwar, supra, the two Ninth Circuit cases decided after entry of the Remand Order expressly limited the type of cause which could justify an extension:

> On occasion, we have suggested that "'unique' or 'extraordinary' circumstances" might allow an untimely § 523(a)(2) complaint to stand. [Allred v. Kennerley, 995 F.2d 145, 47 (9th Cir. 1993)]; see also Anwar v. Johnson, 720 F.3d 1183, 1187 (9th Cir. 2013)("[A]bsent unique and exceptional circumstances . . . , we do not inquire into the reason a party failed to file on time in assessing whether she is entitled to an equitable exception from [Bankruptcy Rule] 4007(c)'s filing deadline . . . ."). But "the validity of the doctrine remains doubtful" and "would appear to be limited to situations where a court explicitly misleads a party." Kennerley, 995 F.2d at 147-48.

Wilms, 723 F.3d at 1103.

The impact of the change in the relevant Ninth Circuit authority is important in this case. While the instruction in the Remand Order that the bankruptcy court examine whether Bustos

-18-

could show "cause" for an extension of time to assert a § 523(c) claim against Molasky remained viable, based on the more recent case law the showing required to justify an extension has been significantly restricted, and satisfaction of the Magourik factors may no longer be adequate. We conclude that none of the arguments offered by Bustos would support an extension of the deadline for filing a § 523(c) complaint under the more recent Ninth Circuit case law. Therefore, the bankruptcy court's decision to dismiss Bustos from the adversary proceeding because there was no adequate cause shown for an extension of Rule 4007(c)'s deadline was not an abuse of discretion.

## CONCLUSION

We AFFIRM the order of the bankruptcy court.