**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE STEVEN D. MOLASKY,

*Debtor*,

AUGUSTINE C. BUSTOS,

*Appellant*,

v.

STEVEN D. MOLASKY,

*Appellee.*

No. 14-60080

BAP No.
14-1109

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Houle, Bankruptcy Judges, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Filed December 12, 2016

Before: Sidney R. Thomas, Chief Judge, and Ronald Lee
Gilman[*] and Michelle T. Friedland, Circuit Judges.

Opinion by Chief Judge Thomas

---

[*] The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[**]

### Bankruptcy

The panel reversed the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's dismissal of an adversary proceeding against a chapter 11 debtor, seeking exception to discharge of debts pursuant to 11 U.S.C. § 523(c).

The panel held that an intervenor can continue to litigate as the sole remaining party in a bankruptcy proceeding involving his own claim, when the original party who represented his interest, and whose adversary complaint he adopted without filing his own, was dismissed for failure to prosecute. The panel held that after the dismissal of the original party, an independent basis for subject matter jurisdiction existed because the bankruptcy court did not dismiss or otherwise adjudicate the § 523 claim itself. In addition, the goal of judicial economy was best served by allowing the intervenor to continue litigating the timely filed § 523 claim.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John M. Netzorg (argued), Las Vegas, Nevada, for Appellant.

Todd L. Bice (argued), Jordan T. Smith, Debra L. Spinelli, and James J. Pisanelli, Pisanelli Bice PLLC, Las Vegas, Nevada, for Appellee.

**OPINION**

THOMAS, Chief Judge:

In this case we are asked to decide whether an intervenor can continue to litigate as the sole remaining party in a bankruptcy proceeding involving his own claim, when the original party who represented his interest, and whose adversary complaint he adopted without filing his own, was dismissed for failure to prosecute. Because we conclude that he can proceed, we reverse and remand.

I

This appeal, the second in this bankruptcy proceeding, concerns Augustine Bustos's ongoing efforts to pursue an exception-to-discharge claim under 11 U.S.C. § 523(c) against Steven Molasky, the debtor.[1] In May 2007, a corporate entity controlled by Molasky took out a loan and executed a promissory note for $17 million in favor of OneCap Funding Corporation ("OneCap"). Molasky also executed a Continuing Guarantee that obligated him

---

[1] Unless otherwise specified, all section and chapter references are to the Bankruptcy Code, 11. U.S.C. §§ 101 *et seq.*

personally on this debt. Bustos was an investor in this debt instrument through OneCap; his funds accounted for $800,000 of the $17 million loaned to Molasky.

The loan-servicing agreement between Bustos and OneCap provided that OneCap would represent Bustos in any court proceedings as long as the agreement was still in effect and "while any amounts [we]re still outstanding under the Note(s)." It provided that Bustos was "not to represent [himself] in any courts unless [the] agreement is terminated."

Molasky filed for chapter 11 bankruptcy on May 3, 2008. Under the deadline set by Federal Rule of Bankruptcy Procedure 4007(c), creditors received notice that the last day to file a complaint objecting to the discharge of a debt under 11 U.S.C. § 523(c) was August 11, 2008. In accordance with the loan-servicing agreement, OneCap filed a timely § 523 complaint on behalf of the lenders who had invested in the promissory note. In its adversary complaint, OneCap raised a claim under § 523(a)(2)(A), alleging that Molasky's debt on the promissory note was not dischargeable because Molasky had knowingly made false representations on which OneCap had relied when making the loan.

A number of parties subsequently reached a settlement with Molasky in the main bankruptcy case regarding a separate group of debts that indirectly related to Bustos. As part of that settlement, the parties stipulated that Bustos would be allowed to intervene in the § 523 adversary proceeding initiated by OneCap. At a hearing on whether to approve the settlement agreement, counsel for OneCap explained that Molasky had "agreed . . . that Mr. Bustos may . . . file a motion to intervene in the OneCap adversary proceeding regarding the 523 claim[] . . . , and the debtor will

not raise any affirmative defenses regarding timeliness or Statute of Limitations." Bustos's counsel further described the agreement as providing that Bustos would "be treated as if he filed the complaint with the OneCap representatives." Molasky's counsel agreed with this description of the settlement terms, and the bankruptcy court approved them as part of the settlement agreement.

Bustos moved to intervene in the § 523 adversary proceeding on September 8, 2008, filing his own § 523 adversary complaint in accordance with Federal Rule of Civil Procedure 24(c). Bustos's complaint almost exactly mirrored the portions of the OneCap complaint relating to the promissory note disputed here. Molasky did not object to Bustos's intervention but objected to his filing this separate complaint in intervention.

Looking to the terms of the settlement agreement, the bankruptcy court allowed Bustos "to intervene in the complaint in the action brought by OneCap" under Bankruptcy Rule 7024,**[2]** but it did not allow Bustos to file his own, separate complaint. In granting Bustos's motion, the bankruptcy court ordered that Bustos be "afforded all the rights and remedies as those granted to OneCap Holding Corporation in this Adversary Proceeding insofar as they pertain to any and all of the claims of Augustine C. Bustos against the Debtor/Defandant."**[3]**

---

**[2]** Bankruptcy Rule 7024 incorporates Civil Rule 24 into adversary proceedings in bankruptcy.

**[3]** At around the same time, the bankruptcy court approved a stipulation allowing another party, the W. Leslie Sully, Jr., Chtd. Profit Sharing Plan, to intervene in the OneCap adversary proceeding. The Sully

Several months later, the bankruptcy court allowed counsel for OneCap to withdraw, and no replacement counsel appeared on OneCap's behalf at a status conference the following month. The court ordered OneCap to appear and explain why it should not be dismissed from the adversary proceeding for failure to prosecute. When OneCap did not appear at the show-cause hearing, the court "dismiss[ed] OneCap from the proceeding" and explained that this situation "le[ft] Mr. Bustos . . . as the lone party . . . to carry the flag in this matter."

Molasky then moved to dismiss Bustos and the adversary proceeding entirely. The motion alleged that, following OneCap's dismissal, "there [was] no party for Bustos to assist" as an intervenor in the action. Because Bustos had not filed his own § 523 claim, Molasky argued that Bustos could show "no independent basis for jurisdiction against Molasky." Bustos opposed the motion to dismiss, arguing that he should be able to proceed on the basis of the OneCap complaint, which he had effectively adopted when the court allowed him to intervene but prohibited him from filing his own complaint.

After holding a hearing, the bankruptcy court granted Molasky's motion to dismiss. Looking to *Benavidez v. Eu*, 34 F.3d 825, 830 (9th Cir. 1994), the bankruptcy court explained that an intervenor "can proceed after dismissal of [the] original party only if . . . an independent basis for jurisdiction exists," and it concluded that there was no such basis here because Bustos had not filed his own § 523

Plan proceedings largely mirrored the Bustos appeals, but the Sully Plan has since voluntarily dismissed its claims against Molasky, so we do not discuss those proceedings further here.

complaint.  Bustos appealed to the district court, which reversed the dismissal, concluding that "[t]he adversary proceeding underlying this appeal and the bankruptcy court's subject matter jurisdiction survived the dismissal of OneCap as a plaintiff."

Molasky then appealed to this Court, and a three-judge panel issued a memorandum disposition vacating the district court's order.  The panel held that the bankruptcy court had correctly stated the applicable legal standard under *Benavidez*. *Molasky v. Bustos (In re Molasky)* ("*Molasky I*"), 492 F. App'x 801, 802 (9th Cir. 2012) (citing *Benavidez*, 34 F.3d at 830).  But in applying this standard to Bustos — in light of his failure to file a timely § 523 complaint — the panel concluded that the bankruptcy court had erred in failing to consider equitable factors that might justify extending the § 523 deadline or otherwise allowing Bustos to pursue the OneCap complaint.  *Id.* at 802–03.  As an example, the panel pointed to *Fasson v. Magouirk (In re Magouirk)*, 693 F.2d 948, 951 (9th Cir. 1982), which laid out five equitable factors that courts have previously considered in deciding whether to extend bankruptcy deadlines.  *Molasky I*, 492 F. App'x at 802–03.  The panel therefore remanded "to the bankruptcy court for a determination of jurisdiction over Bustos" under Bankruptcy Rule 4007, which sets the deadline for § 523 claims.  *Id.* at 803.

On remand, the bankruptcy court considered an intervening precedential decision from this Court, *Anwar v. Johnson*, 720 F.3d 1183 (9th Cir. 2013), which clarified that bankruptcy courts do not have equitable discretion to extend the Rule 4007 deadline retroactively.  In light of this intervening precedent, the bankruptcy court concluded "that equitable relief from the deadline under FRBP 4007(c) [was]

not available to Bustos" and that, having "failed to timely assert a separate objection to dischargeability" before the deadline expired, Bustos could not continue to prosecute the action. On appeal, the Bankruptcy Appellate Panel ("BAP") affirmed this decision in all respects. Bustos timely appealed to this Court. We have jurisdiction to hear his appeal under 28 U.S.C. § 158(d).

"We review decisions of the Bankruptcy Appellate Panel *de novo* and apply the same standard of review that the Bankruptcy Appellate Panel applied to the bankruptcy court's ruling." *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1198 (9th Cir. 2012) (citing *Americredit Fin. Srvs. v. Penrod (In re Penrod)*, 611 F.3d 1158, 1160 (9th Cir. 2010)). In doing so, "[w]e review conclusions of law de novo and findings of fact for clear error." *Id.* (citing *Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581 F.3d 1090, 1095 (9th Cir. 2009)). Because interpretation of a prior decision is a question of law, we "review[] de novo a [lower] court's compliance with the mandate of an appellate court," such as the bankruptcy court's interpretation of our *Molasky I* decision here. *United States v. Perez*, 475 F.3d 1110, 1112 (9th Cir. 2007) (citation omitted).

II

Section 523 of the Bankruptcy Code provides that certain categories of debts may not be discharged in a bankruptcy proceeding. 11 U.S.C. § 523(a). Specifically, § 523(a)(2)(A) excepts from discharge certain debts obtained through fraud or false representation. To utilize this provision, § 523(c) requires a creditor to file an exception-to-discharge claim in the bankruptcy court. Bankruptcy Rule 4007 sets a 60-day

deadline for filing such a § 523(c) claim, beginning on the date of the first creditor meeting.

In the present case, it is undisputed that OneCap filed its § 523(c) complaint within the 60-day deadline set by Rule 4007 and that Bustos did not move to intervene or file his own complaint until after that period had passed. The primary question, then, is whether Bustos's intervention and adoption of the OneCap complaint allow him to continue prosecuting the action even after OneCap's dismissal. We answer this question in the affirmative.

A

As we explained in *Molasky I*, our precedent establishes that an intervenor may continue to litigate an action after the dismissal of the original party "when 1) an independent basis for jurisdiction exists, and 2) unnecessary delay would otherwise result," such that allowing the intervenor to continue "promotes judicial economy and preserves litigant resources."[4] *Benavidez*, 34 F.3d at 830–31.

*Molasky I* remanded for a determination of jurisdiction under the first prong of this test. 492 F. App'x at 803. The bankruptcy court and the BAP correctly concluded that our intervening decision in *Anwar* precluded extension of the Rule 4007 deadline to allow Bustos to file his own complaint.

---

[4] This standard originally arose in the context of Civil Rule 24 intervention, but it applies equally in the bankruptcy context. Because Bankruptcy Rule 7024 simply incorporates Civil Rule 24, courts apply Rule 24 jurisprudence to intervention in bankruptcy proceedings. *Educ. Credit Mgmt. Corp. v. Bernal (In re Bernal)*, 207 F.3d 595, 597 (9th Cir. 2000).

That conclusion leaves open the question of whether some other source of jurisdiction might allow Bustos to continue litigating the action even without his own complaint. *See Anwar*, 720 F.3d at 1187; *see also Willms v. Sanderson*, 723 F.3d 1094, 1100 (9th Cir. 2013) (confirming *Anwar*'s strict interpretation of Rule 4007).

The bankruptcy court and the BAP seemed to assume that the court necessarily lacked jurisdiction if the Rule 4007 deadline could not be extended to allow Bustos to file his own complaint.[5]  This assumption is not supported by precedent; our case law does not require an intervenor such as Bustos to file his own complaint in order for the court to have jurisdiction over his claim.  Rather, an intervenor need not file separate pleadings "[i]f the intervenor is content to stand on the pleading an existing party has filed." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1914 (3d ed. 2009)).  We therefore conclude that the bankruptcy court and the BAP interpreted *Molaksy I* too narrowly, erroneously foreclosing the ultimate question of whether the court retained jurisdiction over Bustos without a deadline extension.

---

[5] Molasky argues that the mandate from our court after the first appeal "limited the scope of remand to assessing whether there was an independent basis for jurisdiction in light of *Magouirk*."  We do not think the mandate was so limited.  But even if it were, there are exceptions to the mandate rule and to the law of the case doctrine for an intervening change in controlling authority, as Molasky concedes. See *United States v. Bad Marriage*, 439 F.3d 534, 537–38 (9th Cir. 2006).  Under those exceptions, the intervening precedent of *Anwar*, 720 F.3d 1183, defeats any argument that the bankruptcy court on remand was limited by our prior decision to applying *Magouirk*, which *Anwar* overruled.

B

Here, the bankruptcy court retained an independent source of jurisdiction over Bustos after OneCap's dismissal, thereby satisfying the first prong of the *Benavidez* test. The "independent basis for jurisdiction" prong of the test stems from the Article III necessity of ensuring continued subject-matter jurisdiction over the intervenor's claim. *Benavidez*, 34 F.3d at 830; *see also Diamond v. Charles*, 476 U.S. 54, 68 (1986) ("[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III."). The first *Benavidez* prong can therefore be understood as a temporal extension of the case-or-controversy requirement, applied at the point where the intervenor is the lone remaining party.[6]

This requirement demands higher scrutiny where the original party's claim was dismissed on the merits or for lack of jurisdiction, but the analysis is somewhat different where

---

[6] Although *Benavidez* involved a permissive intervenor, the test itself and the analysis supporting it do not draw a distinction between permissive intervenors under Civil Rule 24(b) and intervenors of right under Rule 24(a). *See* 34 F.3d at 830–31. Similarly, the decisions from other Courts of Appeals cited by *Benavidez* do not distinguish between permissive intervenors and intervenors of right. *See, e.g.*, *Arkoma Assoc. v. Carden*, 904 F.2d 5, 7 (5th Cir. 1990); *Horn v. Eltra Corp.*, 686 F.2d 439, 440 (6th Cir. 1982); *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965). Thus, while the parties dispute whether Bustos should be considered an intervenor of right or a permissive intervenor, in fact Bustos would need to demonstrate continued jurisdiction in either case. The *Molasky I* panel impliedly reached this conclusion when, after repeated questioning at oral argument about whether Bustos was a permissive intervenor or an intervenor of right, it ultimately concluded that the *Benavidez* test applied without reaching this question. *See* 492 F. App'x at 802.

the original party was dismissed for a procedural reason, such as for failure to prosecute. In such cases, a claim joined by an intervenor may survive the dismissal of the original party if the court retains jurisdiction over the claim and the intervenor has standing to continue litigating it. *See Westchester Fire Ins. Co.*, 585 F.3d at 1189 (holding that "the district court should not have entered a default judgment" against an intervenor based on the original party's failure to appear).

There is no question that OneCap timely filed its § 523 complaint and that the bankruptcy court initially had jurisdiction over this claim. *See Rein v. Providian Fin. Corp.*, 270 F.3d 895, 904 (9th Cir. 2001) ("Bankruptcy courts have exclusive jurisdiction over nondischargeability actions brought pursuant to 11 U.S.C. § 523(a)(2) . . . ."). The bankruptcy court, in its own words, permitted Bustos to "intervene in the complaint in the action brought by OneCap Holding Corporation." At that point, as explained above, Bustos necessarily adopted OneCap's complaint — he had a valid claim against Molasky and was not required to file his own § 523 complaint because he was "content to stand on the pleading an existing party ha[d] filed." *See Westchester Fire Ins. Co.*, 585 F.3d at 1188 (quoting 7C Wright, Miller & Kane, *supra*, at § 1914).

Thus, OneCap's timely filing satisfied the Rule 4007 deadline, and Bustos is simply "treated as if he filed the complaint with the OneCap representatives," in accordance with the parties' settlement agreement. We note that there is no unfairness in this result, particularly given that Molasky expressly agreed to waive any timeliness defense in his settlement agreement with Bustos; Molasky cannot now argue that it is too late for Bustos to pursue *his own* § 523 claim that originally formed part of OneCap's complaint. *See*

*Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (first citing *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1090 (Fed. Cir. 2000); then citing *In re Christie*, 173 B.R. 890, 891 (Bankr. E.D. Tex.1994)) (explaining that the parties are bound by the terms of a settlement agreement once it is announced to the court).

Logic and equitable principles counsel the same result. In a similar case where a creditor sought to be substituted for the original party after the Rule 4007 deadline had run, the Seventh Circuit aptly recognized that the thrust of the timeliness inquiry as to § 523 claims "should fall first and foremost on whether a complaint was filed against a specific debt, not so much on who makes the complaint." *FDIC v. Meyer (In re Meyer)*, 120 F.3d 66, 68 (7th Cir. 1997). This approach serves Rule 4007's purpose of ensuring that "[a]fter the 60 days are over, all the demands for non-discharge that can be made, have been made. The debtor can relax." *Id.* Our Circuit has similarly recognized the need for flexibility in allowing § 523 claims to go forward despite issues requiring party substitution or other procedural adjustments, even after the deadline for filing a new claim has passed. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1092 (9th Cir. 2009). When two creditors share a claim against a debtor, there is no reason why the procedural dismissal of one creditor should divest the court of jurisdiction over the other party, when it retains jurisdiction over the claim.

Applying those principles to the current case — even if Molasky had not agreed to waive timeliness defenses — OneCap's timely filed complaint gave Molasky notice of the § 523 claim within the time prescribed by Rule 4007. Bustos's intervention and adoption of that complaint did not

prejudice Molasky or expose him to any additional claims after the expiration of the deadline. When the bankruptcy court dismissed OneCap from the proceeding for failure to appear, it did not dismiss or otherwise adjudicate the § 523 claim itself. Thus, that claim remained live and justiciable.

Ultimately, the bankruptcy court's intervention order gave Bustos "all the rights and remedies as those granted to OneCap" to adjudicate this claim. The court's dismissal of OneCap as a party did not divest the court of jurisdiction over the § 523 claim as it pertained to Bustos. Bustos has therefore satisfied the "independent basis for jurisdiction" prong of the *Benavidez* test, and the bankruptcy court and BAP erred in concluding otherwise.

C

Bustos also satisfies the second prong of the *Benavidez* test. The second *Benavidez* prong "asks whether refusing to allow the intervenors to continue would lead to senseless delay, because a new suit would inevitably bring the parties, at a much later date, to the point where they are now." 34 F.3d at 830–31. *Benavidez* also emphasized that the underlying goal of the rule is to "promote[] judicial economy and preserve[] litigant resources." *Id.* at 831. Delay and re-filing as described in *Benavidez* are not the only ways in which judicial resources may be wasted, and thus we understand *Benavidez* to counsel against other forms of judicial waste as well.

In a § 523 case, as Bustos correctly points out, creditors should be entitled to rely on their representatives to litigate the adversary proceeding on their behalf. Here Bustos has a direct financial interest in the claim initiated by OneCap on

behalf of Bustos and the other investors, and he timely intervened to protect that interest. If an intervenor like Bustos cannot pursue an action initially filed by his or her representative at the point when the representative fails to prosecute the action, it creates an incentive for *all* of the individual creditors in a fractionalized debt instrument to hedge their bets by filing their own § 523 complaints before the 60-day deadline, just in case their representative later fails to prosecute adequately. Such an outcome could vastly increase the number of complaints filed in these cases, creating an unnecessary administrative burden for bankruptcy courts.

This result runs counter to the *Benavidez* goals of "judicial economy and preserv[ation of] litigant resources," *see* 34 F.3d at 831, and would impose exactly the type of administrative burden that the *Benavidez* rule seeks to avoid. For these reasons, we believe the goal of judicial economy is best served by allowing a party in Bustos's position to continue litigating the timely filed § 523 claim that is before the court. We therefore conclude that Bustos has satisfied this second prong of the *Benavidez* test.

### III

In sum, Bustos was permitted to intervene in the action initially filed by OneCap and was "afforded all the rights and remedies as those granted to OneCap." By adopting OneCap's timely filed § 523 complaint, Bustos satisfied the Rule 4007 deadline and established that the court had subject-matter jurisdiction over his claim. Both precedent and common sense dictate that Bustos should be permitted to continue litigating the claim after OneCap's dismissal on procedural grounds. Ultimately, Bustos satisfies the

*Benavidez* test because the court retains a subject-matter jurisdiction over his claim, and allowing him to pursue the claim promotes judicial economy. Accordingly, Bustos is entitled to continue prosecuting the § 523 claim originally filed by OneCap. The bankruptcy court and BAP erred in concluding otherwise.

**REVERSED and REMANDED.**